441 So.2d 1248 (1983)
Francis PIZZOLATO, Francis A. Pizzolato and Pizzolato Ford-Lincoln-Mercury, Inc.
v.
Elmer FIELD, Jr., et ux.
No. 82-CA-0990.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
William C. Shockey, Baton Rouge, for plaintiffs-appellants Francis Pizzolato, et al.
J. Huntington Odom, John L. Dardenne, Jr., Baton Rouge, for defendant-appellee Elmer Field, Jr., et al.
*1249 Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Plaintiffs, Francis Pizzolato, Francis A. Pizzolato and Pizzolato Ford-Lincoln-Mercury, Inc., appeal the granting of defendants' motion for a partial summary judgment. Plaintiffs instituted this action against Elmer Field, Jr. and Barbara Waters Field. The original petition alleged that defendants sold to plaintiffs, by cash sale, the entire capital stock of D'Spain-Field Ford, Inc. Plaintiffs alleged that defendants had breached a purchase agreement entered into prior to the sale by making certain misrepresentations and omissions and in taking certain actions. Plaintiffs sought a reduction in the purchase price along with damages.
Subsequently, plaintiffs amended their petition on two occasions. After amendment, the petition alleged that plaintiffs were entitled to rescission of the sale, return of the purchase price, expenses, attorney fees, interest and costs. Plaintiffs' claims were based upon three legal theories:
1Violations of 15 U.S.C. sec. 78j (section 10 of the Securities Exchange Act of 1934) and 17 CFR sec. 240.10b-5 (Rule 10b-5);
2Violations of LSA-R.S. 51:715A(3) (Louisiana Blue Sky Law); and
3Breach of the contract of sale and the warranties of sale by intentional, reckless and/or negligent material misrepresentations and omissions.
Defendants moved for partial summary judgment on the federal and state securities law claims. In support of their motion, defendants contended that the transaction in question was exempt from coverage under the Louisiana Blue Sky Law by virtue of LSA-R.S. 51:705(3). They also contended that federal securities law was inapplicable under the "Sale of Business" doctrine.
The trial court granted defendants' motion and rendered judgment dismissing plaintiffs' claims under the Louisiana Blue Sky Law and federal securities law. Plaintiffs have appealed the judgment of the district court. We reverse and remand for further proceedings.
The motion for summary judgment filed by the defendants was lacking in procedural efficacy for the reason that it did not place at issue the relief prayed for by plaintiffs or defendants, but rather simply placed at issue two of plaintiffs' theories of the case.
Under LSA-C.C.P. art. 966 a defendant may seek a summary judgment granting all or part of the relief for which he has prayed. Here, defendants prayed for a dismissal of plaintiffs' suit. A similar prayer by defendant was involved in our affirming the granting of a partial summary judgment in Beard v. Assumption Parish Police Jury, 413 So.2d 923 (La.App. 1st Cir. 1982), in which plaintiff asserted two separate causes of action involving different forms of relief, one in workmen's compensation and the other in tort. Here, plaintiffs assert three distinct theories of the case, involving (1) the Federal Securities Law, (2) Louisiana's Blue Sky Law, and (3) breach of warranty, but as well as we can determine from reading plaintiffs' initial and two amended petitions, plaintiffs seek but one basic form of relief. Thus, the summary judgment granted by the trial court does not affect the relief prayed for by either plaintiffs or defendants, but, rather, merely strikes down two of plaintiffs' theories of the case. A summary judgment cannot merely strike down a theory of the case; it must consider the ultimate relief prayed for. See Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978), to which the Louisiana Supreme Court applied its stamp of approval in Dryades Savings and Loan Association v. Lassiter, 400 So.2d 894 (La.1981). As both Smith and Dryades correctly state, the granting of a summary judgment determining a matter other than the relief sought would result in piecemeal litigation and piecemeal appeal, to the detriment of the ultimate cause of justice.
Because we hold that the motion for summary judgment was an improper vehicle for *1250 the questioning of plaintiffs' theories of the case, no issue as to ultimate relief having been conclusively determined, we find it unnecessary to consider the applicability of the Federal Securities Law and Louisiana's Blue Sky Law.
For the foregoing reasons, the judgment of the district court, granting defendants' motion for partial summary judgment, is reversed and the case is remanded for further proceedings. All costs of this appeal are assessed against defendants-appellees.
REVERSED AND REMANDED.