592 So.2d 852 (1991)
Betty Choate HAWKINS, Plaintiff-Appellant,
v.
Edwin L. COX, et al., Defendants-Appellees.
No. 90-934.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
*853 Nanette H. Cagney, Lafayette, for plaintiff-appellant.
J. Hus Hawkins, in pro. per.
Louis K. Obdyke IV, Wichita, Kan., for Koch.
Ottinger & Gates, Patrick S. Ottinger, Mark D. Sikes and Plauche, Hartley & Tompkins, Mark H. Tompkins, Lafayette, for Ed Cox, Cox Oil.
Before DOMENGEAUX, C.J., and GUIDRY and KING, JJ.
GUIDRY, Judge.
Plaintiff-appellant, Betty Choate Hawkins, seeks recovery of a one-half share of revenues allegedly paid by certain named defendants to her former husband during the period after she filed suit for separation from bed and board. Named as defendants in her petition for damages filed September 22, 1988 were Edwin L. Cox, Cox Oil & Gas, Inc., Berry R. Cox, Graham Resources, Inc., Graham Energy Services, Inc., Koch Oil Company of Texas, Inc., Graham Royalty, Ltd., and J. Hus Hawkins (plaintiff's former husband, hereafter referred to as Hus). In her petition, plaintiff alleged that she was entitled to payment of a total amount of $658,196.47, which she asserted was one-half of the total payments made to her former husband between 1980 and 1987 derived from his participation in several oil and gas exploration ventures. Hus is self-employed as a geologist. During his marriage to plaintiff, he acquired oil and gas leases on several tracts of land in the southern portion of Louisiana. He entered into contracts with several of the named defendants. These contracts were styled as "Joint Operating Agreements". The record reveals that Hus acquired working and production interests in the oil and gas wells which were drilled and producing pursuant to these agreements. In addition, he was also responsible for his proportionate share of the expenses incurred in the drilling operations. Apparently, the group executed separate joint operating agreements for each well drilled.
On July 2, 1980, plaintiff filed a petition for separation from bed and board against Hus. Nine days later, she filed a notice of lis pendens with respect to her intention to obtain an injunction against the disposition, alienation and encumbrance of community property. Plaintiff alleged that this notice was filed in the parishes of Lafayette, Iberville, St. Martin, Acadia and St. Landry. The injunction was obtained on September 15, 1980. She asserted that defendant, Edwin L. Cox, was notified by letters from her of the pendency of the suit and, eventually, of the granting of a divorce pursuant to Hus' petition therefor which was filed on March 13, 1981. The divorce was granted on June 22, 1981.
In her petition in this suit, Betty alleged that the defendants were indebted to her because they paid Hus 100% of the oil and gas revenues owed him under the contracts despite their knowledge of her suit for separation and dissolution of the community of acquets and gains. Essentially, she urged that, upon receipt of notice of the suit for separation, defendants should have begun paying directly to her one-half of all revenues accrued and to accrue under the several joint operating agreements. In support of her demands, Betty relied on several theories for recovery including negligence, wilful disregard of her rights, wrongful conversion and wrongful deprivation *854 of proceeds. As an alternative theory, Betty alleged in Article 20 of her petition that the defendants were liable to her for breach of contract. The substance of Article 20 appears from the plaintiff's petition as follows:

"20.
In the alternative, there were certain written agreements, operating agreements and contracts governing the payment of oil and gas revenues to your petitioner, BETTY CHOATE HAWKINS, which the defendants, EDWIN L. COX, COX OIL & GAS, INC., BERRY R. COX, GRAHAM RESOURCES, INC., GRAHAM ENERGY SERVICES, INCORPORATED, GRAHAM ROYALTY, LTD., KOCH OIL COMPANY OF TEXAS, INC. and J. HUS HAWKINS, violated when they wrongfully paid and/or converted the oil production attributable to petitioner, BETTY CHOATE HAWKINS, to someone other than herself between 1980 and 1988."
Presumably, Betty claims that, because Hus executed the agreements during their marriage, his interest in the oil and gas exploration endeavors under these agreements constitutes community property. As such, she alleges that she had rights under the contracts that were violated by the defendants when they paid Hus all of the revenues instead of paying one-half of the revenues to her.
After Koch Oil Company of Texas, Inc. was dismissed from the suit on plaintiff's own motion, defendants, Edwin L. Cox, Berry R. Cox, Cox Oil and Gas, Inc., Graham Resources, Inc., Graham Energy Services, Inc. and Graham Royalty, Ltd., filed a motion for partial summary judgment seeking dismissal of all "contractual claims of petitioner". The movers urged that there existed no genuine issue of fact material to a finding that Betty had no claims founded in contract. On March 4, 1990, the trial court rendered the partial summary judgment on the contract issue as prayed for by defendants. Accordingly, all of Betty's claims based on the breach of contract theory were dismissed pursuant to the summary judgment.
Plaintiff appealed devolutively, asserting that her interest in the community of acquets and gains existing between she and Hus created a contractual basis for a claim against the defendants-movers. Defendants assert that the summary judgment was correctly granted since Betty was not a party to the contracts at issue.
We conclude that the trial court erred when it granted the partial summary judgment sought by Edwin L. Cox and others. Accordingly, we reverse the judgment of the trial court. However, we dismiss defendant's motion for summary judgment on procedural grounds and express no opinion concerning validity of plaintiff's theory of recovery based on breach of contract.
In the recent case of Ward v. Tenneco Oil Company, 564 So.2d 814 (La.App. 3rd Cir.1990), this court discussed the appropriateness of the granting of a partial summary judgment dismissing one of plaintiff's theories of recovery. We cite as controlling the substance and reasoning of that opinion, an excerpt of which is as follows:
"First, we note that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with supporting affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The movant for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. Thibodeaux v. Southwest La. Hosp. Ass'n, 488 So.2d 743 (La.App. 3d Cir. 1986).
LSA-C.C.P. art. 966(A) provides that:
`The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.' *855 LSA-C.C.P. art. 1915 reads in part as follows:
`Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.'
* * * * * *
It is clear from a reading of these articles, as well as from the jurisprudence interpreting them, that summary judgment may be granted for less than all of the relief for which the party prays.
However, it is also clear that a partial summary judgment must grant at least part of the relief prayed for by one of the parties; it cannot merely strike down a theory of the case. Pizzolato v. Field, 441 So.2d 1248 (La.App. 1st Cir.1983). Thus, unless specifically authorized by the Code of Civil Procedure, partial final judgments which do not grant all or part of the relief prayed for are not permitted, since to do so would promote piecemeal litigation and the uneconomical use of judicial time thereby frustrating the prompt resolution of issues. Serpas v. Ridley, 556 So.2d 134 (La.App. 5th Cir. 1990)." Ward, supra, at pgs. 818-819.
In Pizzolato, supra, the plaintiffs claimed the defendants were liable to them based upon three legal theories of recovery: violations of the Securities Exchange Act of 1934; violations of the Louisiana Blue Sky Law; and, breach of the contract of sale and the warranties of sale. In response, defendants filed a motion for partial summary judgment on the federal and state securities law claims. A summary judgment was granted by the trial court as to those two legal theories. The First Circuit reversed, finding that "the judgment... does not affect the relief prayed for by either plaintiffs or defendants, but, rather, merely strikes down two of plaintiff's theories of the case". Pizzolato, supra, at 1249. Procedurally, the case sub judice is on all fours with Pizzolato. The defendants herein were granted partial summary judgment on only one of the plaintiff's theories of her case, breach of contract. Clearly, a motion for summary judgment is an improper procedural device to dispose of one of the plaintiff's separate theories on which recovery is sought. The resulting judgment did not conclusively allow or deny all or part of the relief which plaintiff seeks. As such, it was improperly granted.
For the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed.
REVERSED AND REMANDED.