651 So.2d 461 (1995)
CENLA PHYSICAL THERAPY & REHABILITATION AGENCY, et al., Plaintiff-Appellant,
v.
Oday John LAVERGNE, Kevin Bart Jones, and Robert Kevin Mayo, Defendant-Appellees.
No. 94-873.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
Edwin Heath Neill, III, New Orleans, for Cenla Physical Therapy & Rehab. Agency, et al.
Edward Paul Landry, New Iberia, for Oday John Lavergne et al.
Edward E. Rundell, Alexandria, for Bart Jones et al.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
YELVERTON, Judge.
Cenla Physical Therapy and Rehabilitation Agency, Inc. (Cenla) and RehabClinics, Inc. (RCI) filed suit against Oday Lavergne, Kevin Jones and Robert Mayo for damages for breach of contract, breach of fiduciary duty, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, and violations by Lavergne of the Louisiana Unfair Trade Secrets Act. Cenla and RCI also asked for a preliminary and permanent injunction against the defendants from employing unfair trade practices and violating non-competition and non-solicitation agreements.
This appeal concerns a summary judgment granted in favor of Lavergne on the issue of breach of contract based on a non-competition *462 agreement contained in an Agreement of Purchase and Sale and a non-solicitation agreement contained in an Employment Agreement. The summary judgment was denied on the issues of breach of fiduciary duty and violation of the Louisiana Unfair Trade Practices Act. The district court also enjoined Lavergne from using any confidential information procured from Cenla.
Cenla and RCI appealed. We find that this judgment is an unauthorized partial judgment and an improper use of summary judgment, and reverse.

FACTS
The pleadings in the record reveal the following. On October 24, 1991, RCI purchased all of the stock of Cenla from Lavergne. An Agreement of Purchase and Sale and an Employment Agreement were executed. As part of the Employment Agreement, Lavergne agreed to serve Cenla in the same position he held before the acquisition by RCI. Lavergne was also appointed as corporate president. The Purchase Agreement and the Employment Agreement both contain a non-competition agreement. Additionally, the Employment Agreement also contains a non-solicitation agreement. These non-competition agreements and non-solicitation agreements provided that Lavergne would not compete with Cenla or RCI or solicit Cenla's or RCI's employees. He also agreed not to make any statement that would impair the goodwill of Cenla or RCI.
On September 16, 1993, Lavergne's employment with Cenla was terminated. Lavergne's wife and two former employees of Cenla opened Louisiana Physical Therapy Centers, Inc., about two miles from Cenla. It was alleged that Lavergne was instrumental in setting up this new business.
Cenla and RCI filed suit against Lavergne and the two former employees alleging breach of the non-competition agreements and non-solicitation agreement, breach of fiduciary duty, violation of the Louisiana Trade Secrets Act and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. They also asked for preliminary and permanent injunctive relief. In response Lavergne filed a motion for summary judgment.
After a hearing, the district court granted Lavergne's motion for summary judgment in part. It granted summary judgment insofar as the non-competition agreement in the Purchase Agreement and the non-solicitation agreement contained in the Employment Agreement were concerned. The motion for summary judgment based on the Louisiana Unfair Trade Practices Act and breach of fiduciary duty was denied. Lavergne was further enjoined from using any confidential information he procured from Cenla.
Cenla and RCI appealed this judgment in relation to the district court's findings as it relates to the non-competition agreements. Lavergne answered the appeal claiming that the district court inadvertently failed to address the motion for summary judgment premised on the non-competition agreement contained in the Employment Agreement and asked that this court address the issue.

PARTIAL SUMMARY JUDGMENT
The Supreme Court has stated that La. Code Civ.P. art. 1915 lists the exclusive instances in which partial final judgments are permitted. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993). La.Code Civ.P. art. 1915 provides for a partial final judgment as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two *463 have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
This court has held that a partial summary judgment, which did not grant all or part of the relief prayed for, but merely disposed of one of the plaintiff's separate theories on which recovery was sought, was improperly granted. Hawkins v. Cox, 592 So.2d 852 (La.App. 3d Cir.1991). This court in that case stated that judgments which do not grant all or part of the relief prayed for are not permitted, since to do so would promote piecemeal litigation and the uneconomical use of judicial time, thereby frustrating the prompt resolution of issues. In Hawkins the defendants were granted partial summary judgment on only one of the plaintiff's theories of her case, breach of contract.
In the present case, Lavergne was granted partial summary judgment on only one of Cenla's and RCI's theories of their case, breach of the contract based on the non-competition agreement and non-solicitation agreement. The partial summary judgment did not conclusively allow or deny all or part of the relief which Lavergne sought, judgment for himself and dismissal of Cenla's and RCI's claim against him. The case must still proceed on the other theories. This is an improper partial summary judgment.
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it granted summary judgment in favor of Lavergne on the issues of the non-competition agreement and non-solicitation agreement. Lavergne answered the appeal but did not seek any relief from the injunction enjoining him from using confidential information he procured from Cenla, so that injunction stands. This matter is remanded to the trial court for further proceedings consistent with the views expressed.
REVERSED AND REMANDED.