657 So.2d 175 (1995)
CENLA PHYSICAL THERAPY & REHABILITATION AGENCY INC., et al., Plaintiff-Appellant,
v.
Oday John LAVERGNE, et al., Defendant-Appellee.
No. 94-1538.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
C. Lawrence Orlansky, Edwin Heath Neill, III, New Orleans, for Cenla Physical Therapy, et al.
Edward Paul Landry, New Iberia, Eugene A. Ledet, Jr., Alexandria, for Oday John Lavergne.
Edward E. Rundell, Alexandria, for Bart Jones and Robert Mayo.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
YELVERTON, Judge.
This case is a companion case to an earlier opinion we rendered in Cenla Physical Therapy v. Lavergne, 94-873 (La.App. 3 Cir. 3/1/95), 651 So.2d 461. Cenla Physical Therapy and Rehabilitation Agency, Inc. (Cenla) and RehabClinics, Inc. (RCI) filed suit against Oday Lavergne, Bart Jones and Robert Mayo for damages for breach of contract, breach of fiduciary duty, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law and violations by Lavergne of the Louisiana Unfair Trade Secrets *176 Act. Our earlier opinion dealt solely with a partial summary judgment in favor of Lavergne. We found that it was an improper partial summary judgment since it did not conclusively allow or deny all or part of the relief which Lavergne sought. The case was reversed and remanded.
The present case concerns a summary judgment entered in favor of Jones and Mayo dismissing all causes of action asserted by Cenla and RCI. Unlike the situation we had before us in our earlier opinion, this was a proper use of summary judgment procedure. Cenla and RCI have appealed this judgment claiming that the trial court erred in finding that there was no genuine issue of material fact as to whether Jones and Mayo breached their fiduciary duties owed to their employer, breached their contractual obligations and violated the Louisiana Unfair Trade Practices Act.

FACTS
On October 24, 1991, RCI purchased all of the stock of Cenla from Lavergne. At the time of the acquisition, Jones and Mayo had been working for Cenla as physical therapists. Both had executed employment agreements. Jones executed his employment agreement on September 9, 1988 and Mayo executed his on August 7, 1990.
Mayo's employment with Cenla was terminated on September 20, 1993 and Jones submitted a notice of resignation on September 22, 1993. Subsequently, Mayo and Jones along with Lavergne's wife formed Louisiana Physical Therapy Centers, Inc. and located the facility about two miles from Cenla.
Cenla and RCI filed suit against Lavergne, Jones and Mayo. The same three causes of action were raised against Jones and Mayo as had been raised against Lavergne: (1) Breach of an employment contract; (2) Breach of their fiduciary duties to their employer; and (3) Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. The dismissal by summary judgment of all causes of action asserted against Jones and Mayo is what is before us now.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. La.Code Civ.P. art. 966; Schroeder v. Board of Sup'rs, 591 So.2d 342 (La.1991).
The three different causes of action against Jones and Mayo allegedly arose out of Jones' and Mayo's conduct while employed by Cenla and RCI. The plaintiffs claim that while Jones and Mayo were still employed with them, they used Cenla's and RCI's assets to develop a competing business, they solicited other employees and solicited Cenla's and RCI's referral sources for their own business.
Although we find that genuine issues of material fact exist with regard to all three causes of action, we need address only the first issue raised by Cenla and RCI, since a genuine issue on one cause of action in this case would preclude summary judgment on all causes of action. Everything on Wheels v. Subaru South, 616 So.2d 1234 (La.1993); Cenla, 651 So.2d at 462.

BREACH OF FIDUCIARY DUTY
The trial court found that Jones and Mayo were merely minor-role-playing employees and not officers or directors which owe a fiduciary duty to their employer, and that Cenla and RCI had no cause of action for breach of fiduciary duty against Jones *177 and Mayo. However, the law provides that employees under certain circumstances owe a fiduciary duty to their employer. ODECO Oil & Gas Co. v. Nunez, 532 So.2d 453 (La.App. 1 Cir.1988), writ denied, 535 So.2d 745 (La.1989). Therefore, as a matter of law the trial judge erred in granting summary judgment.
Citing Texana Oil & Refining Co. v. Belchic, 150 La. 88, 90 So. 522 (1922), the court in ODECO Oil stated:
`The employee is duty bound not to act in antagonism or opposition to the interest of the employer. Every one, whether designated agent, trustee, servant, or what not, who is under contract or other legal obligation to represent or act for another in any particular business or line of business or for any valuable purpose, must be loyal and faithful to the interest of such other in respect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law. The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his service. He may not speculate for his gain in the subject-matter of his employment. He may not use any information that he may have acquired by reason of his employment either for the purpose of acquiring property or doing any other act which is in opposition to his principal's interests. He will be required to account to his employer for any gift, gratuity, or benefit received by him in violation of his duty, or any interest acquired adverse to his principal without a full disclosure, though it does not appear that the principal has suffered any actual loss by fraud or otherwise.' 21 R.C.L. 825, § 10.

ODECO Oil, 532 So.2d at 462.
We find also that based on this analysis of an employee's duty to his employer, not only did the judge err as a matter of law but there were also genuine issues of material fact with respect to whether Jones and Mayo breached their duty as employees to Cenla and RCI.
Mayo was terminated from Cenla on September 20, 1993. Jones gave notice of his resignation two days later on September 22, 1993. Earlier that summer Jones and Mayo had discussed whether the non-competition provision of their employment agreements were enforceable. A purchase agreement for the building at 1305 Texas Avenue, which is where their present physical therapy business is located, had been signed on August 27, 1993. Jones had met with Roger Piper about renovations to the building prior to the offer. He had even met with him at Cenla. The plans for renovation of the building had been submitted to the fire marshall for his approval on September 7, 1993. Mayo claimed that they were not looking at the building at Texas Avenue for the purposes of a physical therapy business. However, a loan for the business had been applied for by September 23, 1993 at Hibernia National Bank for the purposes of a physical therapy business.
Mark Benner, a co-employee, testified that he had been approached about working for the new business prior to either Jones' or Mayo's termination of their employment with Cenla in late August. He was told that they were moving all their patients over to the new business.
Of the fifteen employees employed at Louisiana Physical Therapy Center, twelve were former employees of Cenla. The doors of the Center were opened on November 12. Temporary offices had been opened in Fireside Plaza and patients were treated there around November 9.
Michael Johnston, who was the acting physical therapy director for Cenla, attested that it was reported to him that Tina Strickland while employed at Cenla was observed copying physician and patient lists. When confronted she responded, "[S]omeone asked me to do it. Don't ask me any questions." Strickland began working for Louisiana Physical Therapy Centers the next week.
Jones and Mayo were employees of Cenla and RCI. As employees, they owed certain duties to Cenla and RCI which, as quoted above, the jurisprudence has enunciated. Looking at the evidence in a light most favorable to Cenla and RCI, there are sufficient facts in the record before us to establish a *178 genuine issue of material fact of whether these employees were acting in the interest of and not in opposition to Cenla and RCI as their employer so as to have breached the fiduciary duty they owed to Cenla and RCI.
There is no need to discuss the other causes of action dismissed by the summary judgment in the trial court since a partial summary judgment in this case is not appropriate. For these reasons the summary judgment rendered in favor of Jones and Mayo is reversed and set aside. The case is remanded for further proceedings.
Costs of this appeal are assessed to Bart Jones and Kevin Mayo.
REVERSED AND REMANDED.