STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0914

DUPLESSIS BUICK-GMC TRUCK, INC.

VERSUS

MICHAEL CHAUNCEY, DAVID RICHARD,
GRETNA USED CAR OUTLET, LLC

Judgment Rendered: _____**FEB 2 4 2021**_____

* * * * *

On Appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 115,093

The Honorable Jason Verdigets, Judge Presiding

* * * * *

| | |
|---|---|
| Nicole F. Gould Frey | Attorneys for Plaintiff/Appellant |
| Christopher A. Mason | Duplessis Buick-GMC Truck, Inc. |
| Katherine M. Cook | |
| Baton Rouge, Louisiana | |
| | |
| Yigal Bander | Attorney for Defendant/Appellee |
| Baton Rouge, Louisiana | Michael Chauncy |

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

Appellant, Duplessis Buick-GMC Truck, Inc. (Duplessis), filed this appeal contesting the trial court's sustaining of the exceptions raising the objections of prescription and no cause of action filed by Appellee, Michael Chauncy,[1] and dismissing all of Duplessis's claims with prejudice. For the following reasons, we reverse the amended judgment.

## FACTS AND PROCEDURAL HISTORY

On February 3, 2016, Duplessis filed a petition for damages, alleging that Mr. Chauncy had been in its employ as a used car manager until April 2014. Duplessis claimed after Mr. Chauncy left its employ, it was able to determine that he had undersold used car inventory to another defendant and had breached his fiduciary responsibilities.[2] Duplessis also asserted that Mr. Chauncy had committed fraud. Mr. Chauncy filed exceptions raising the objections of prescription and no cause of action. The trial court granted the exception of no cause of action but overruled the exception of prescription. Mr. Chauncy filed a supervisory writ with this court, seeking review of the trial court's ruling on the exception of prescription, which this court granted in part and denied in part.[3] *See Duplessis Buick-GMC Truck, Inc. v. Chauncey, et al.*, 2016-0574 (La. App. 1st Cir. 10/6/16) (unpublished writ action). This court further reversed the trial court's judgment overruling the exception of prescription and remanded the matter to the trial court to allow Duplessis the

---

[1] Although the suit was filed against "Michael Chauncey" and the record contains both that spelling and "Chauncy," this court will use the spelling used by appellee, "Chauncy."

[2] The other named defendants were dismissed from the suit with prejudice by judgment dated July 25, 2019.

[3] This court determined that Duplessis's claims sounding in negligence and fraud were prescribed; the petition did not allege sufficient facts to establish the application of the doctrine of *contra non valentem* and that Duplessis did not meet the burden of showing prescription was suspended or interrupted; the petition did not allege sufficient facts to establish a fiduciary relationship between the parties that would support the application of a ten-year prescriptive period; and that because Mr. Chauncy had failed to raise the issue of peremption with regard to the Louisiana Unfair Trade Practices and Consumer Protection Law in the trial court, this court would not address that issue.

opportunity to amend its petition in order to attempt to remove the grounds for the objections.

Thereafter, Duplessis filed an amended petition alleging that Mr. Chauncy "became a highly trusted employee and was therefore promoted to used car manager." Duplessis contended that Mr. Chauncy used his position to conspire with another defendant to defraud Duplessis and that he received "kickbacks" in exchange for underselling the used car inventory to that defendant. Duplessis specifically claimed that "Mr. Chauncy was entrusted with the authority to transact business on behalf of and for the benefit of [Duplessis]," thus creating a relationship of confidence and that Mr. Chauncy owed a fiduciary duty to Duplessis.[4] Duplessis further alleged that Mr. Chauncy breached his fiduciary duty by "intentionally engaging in, and concealing, a fraudulent scheme which deprived [Duplessis] of its property and profits for [Mr. Chauncy's] own personal gain."

After Duplessis filed the amended petition, Mr. Chauncy filed several exceptions, including exceptions raising the objections of prescription and no cause of action. After a hearing, the trial court signed a judgment on July 19, 2019, purporting to grant Mr. Chauncy's exceptions. Duplessis filed an appeal. However, this court dismissed the appeal, finding no valid final judgment. *Duplessis Buick-GMC Truck, Inc. v. Chauncey, et al.*, 2019-1304 (La. App. 1st Cir. 5/11/20), 304 So. 3d 436, 441. Thereafter, the trial court signed an amended judgment on August 13, 2020, sustaining the exceptions filed by Mr. Chauncy and dismissing all Duplessis's claims with prejudice. It is from this judgment that Duplessis appeals the granting

---

[4] Duplessis made other claims against Mr. Chauncy. However, Duplessis admits that it is not appealing the judgment insofar as it granted Mr. Chauncy's exception of prescription as it pertained to the fraud claims, the exceptions of no cause of action and res judicata as to the relative nullity claim, or the exception of peremption as to the Louisiana Unfair Trade Practices Act. Therefore, as raised in Duplessis's assignments of error, the only issues before this court are whether the trial court correctly granted the exceptions of no cause of action and prescription as to Duplessis's breach of fiduciary duty claim and whether the ten-year prescriptive period is applicable.

of the exceptions of no cause of action and prescription relating to the claims for breach of fiduciary duty.

## LAW AND DISCUSSION

It is undisputed that the petition was filed more than one year after Mr. Chauncy left the employ of Duplessis. After Mr. Chauncy filed the writ application, Duplessis was given the opportunity to amend its petition to allege sufficient facts to establish a fiduciary relationship between the parties that would support the application of a ten-year prescriptive period. Duplessis, thereafter, filed an amended petition and now claims that it has asserted a cause of action for breach of fiduciary duty, which is generally governed by a ten-year prescriptive period rather than a one-year prescriptive period. *See* La. C.C. art. 3499[5]; *Beckstrom v. Parnell*, 97-1200 (La. App. 1st Cir. 11/6/98), 730 So. 2d 942, 947. Therefore, the narrow issue in this matter is whether Duplessis has stated a cause of action for breach of fiduciary duty. If Duplessis has stated such a cause of action, the claim is governed by the ten-year prescriptive period of La. C.C. art. 3499 and is not prescribed. If Duplessis has not stated a cause of action for breach of fiduciary duty, the claim is governed by the one-year prescriptive period of La. C.C. art. 3492[6] and is prescribed.

*Cause of Action*

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So. 2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection of no cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded

---

[5] Louisiana Civil Code article 3499 provides, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

[6] Louisiana Civil Code article 3492 provides, in pertinent part, "Delictual actions are subject to a liberative prescription of one year."

4

allegations of fact as true. *Everything on Wheels Subaru, Inc.*, 616 So. 2d at 1235. Notably, however, conclusions of law asserted as facts are not considered well-pled allegations of fact, and the correctness of those conclusions is not conceded. *Hooks v. Treasurer*, 2006-0541 (La. App. 1st Cir. 5/4/07), 961 So. 2d 425, 429, *writ denied*, 2007-1788 (La. 11/9/07), 967 So. 2d 507. An appellate court conducts a *de novo* review of a trial court's ruling sustaining a peremptory exception of no cause of action because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 837 So. 2d 1207, 1213. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. *Calloway v. Lobrano*, 2016-1170 (La. App. 1st Cir. 4/12/17), 218 So. 3d 644, 648. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. *Id.* The question, therefore, is whether, viewed in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. *Id.* at 648-49.

### Fiduciary Duty

Mr. Chauncy claims that he was an employee of Duplessis who owed no fiduciary duty. The term "fiduciary" is defined in La. R.S. 9:3801(2), as follows:

> "Fiduciary" includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other persons acting in a fiduciary capacity for any person, trust or estate.

We initially note that the list of persons set forth in La. R.S. 9:3801(2) is non-exclusive. However, Mr. Chauncy argues that La. R.S. 9:3801(2) does not include sales managers and that under the *ejusdem generis* rule, the statute should not be

read to include sales managers, who are dissimilar to the type of persons listed in the statute. *See Pumphrey v. City of New Orleans*, 2005-0979 (La. 4/4/06), 925 So. 2d 1202, 1211.

Generally, whether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties. For a fiduciary duty to exist, there must be a fiduciary relationship between the parties. *Scheffler v. Adams & Reese, LLP*, 2006-1774 (La. 2/22/07), 950 So. 2d 641, 647. A fiduciary relationship is one that exists when confidence is reposed on one side and there is resulting superiority and influence on the other. *Plaquemines Parish Commission Council v. Delta Development Company, Inc.*, 502 So. 2d 1034, 1040 (La. 1987). The defining characteristic of a fiduciary relationship, therefore, is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor. *Scheffler*, 950 So. 2d at 648. One is said to act in a fiduciary capacity "when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other." *Id.*, 950 So. 2d at 647.

We recognize that, generally, employees have no fiduciary duty to their employers. *See Lagniappe Logistics, Inc. of Mississippi v. Buras*, 2017-0701 (La. App. 1st Cir. 1/4/18), 2018 WL 301209, at *12 (unpublished), *writ denied*, 2018-0219 (La. 3/23/18), 239 So. 3d 298; *Radcliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, Inc.*, 2007-1801 (La. App. 1st Cir. 8/29/08), 998 So. 2d 107, 117, *amended on reh'g*, 2007-1801 (La. App. 1st Cir. 12/3/08), 22 So. 3d 178, and *writs denied*, 2009-0011, 2009-0024 (La. 3/13/09), 5 So. 3d 119, 120. In contrast, all employees owe a duty of fidelity and loyalty to their employers. *Lagniappe Logistics*, 2018 WL 301209, at *12 (*citing ODECO Oil & Gas Co. v. Nunez*, 532

6

So. 2d 453, 462 (La. App. 1st Cir. 1988), *writ denied*, 535 So. 2d 745 (La. 1989)). However, the law provides that under certain circumstances, employees owe a fiduciary duty to their employer. *Cenla Physical Therapy & Rehabilitation Agency, Inc. v. Lavergne*, 94-1538 (La. App. 3rd Cir. 5/3/95), 657 So. 2d 175, 177-78 (finding genuine issues of material fact as to whether defendants breached a fiduciary duty when defendants, while still employed by plaintiffs, used plaintiffs' assets to develop a competing business).

In *Scheffler*, the issue before the court was whether two attorneys representing the same client owed a fiduciary duty to each other. The court found that the petition contained no facts pleaded that would establish a legal relationship between the two attorneys representing the same client that would give rise to fiduciary obligations. There was no allegation of a contract between the two attorneys or the existence of a mandate or agency relationship, *i.e.*, there was no allegation that either of the attorneys was transacting any of the plaintiff attorney's affairs for his benefit. *Scheffler*, 950 So. 2d at 648. However, in the present case, there are allegations that Mr. Chauncy was transacting Duplessis's affairs for the benefit of Duplessis. The amended petition alleges that Mr. Chauncy was responsible for evaluating customer trade-in cars, setting the trade-in price, and for selecting the used cars which would be sold to another dealer or at auction. The amended petition further alleges that, as the used car manager, Mr. Chauncy was entrusted with the authority to transact business on behalf of and for the benefit of Duplessis and that a relationship of confidence existed between the parties. The amended petition also alleges that Mr. Chauncy breached his fiduciary duty to Duplessis by intentionally engaging in, and concealing, a fraudulent scheme which deprived Duplessis of its property and profits for Mr. Chauncy's own personal gain. Based on the above allegations, we disagree with Mr. Chauncy's interpretation of La. R.S. 9:3801(2). We find that the phrase "or any other persons acting in a fiduciary capacity for any person, trust or estate"

7

contained in La. R.S. 9:3801(2) may include a sales manager in a position of confidence transacting the business affairs of his employer for the employer's benefit. The relationship alleged herein is similar to some of the relationships exemplified by other persons listed in the statute, *i.e.*, a curator or agent.

Accepting the allegations of the petition as true, Duplessis has alleged that Mr. Chauncy was transacting business, not for his own benefit, but for the benefit of Duplessis, where there was "a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other." *See Scheffler*, 950 So. 2d at 647. Therefore, interpreting Duplessis's petition in favor of maintaining its sufficiency, we conclude that Duplessis has alleged a cause of action for breach of fiduciary duty. *Calloway*, 218 So. 3d at 648-49. As a breach of fiduciary duty has been alleged, the ten-year prescriptive period contained in La. C.C. art. 3499 is applicable.

Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. When the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate that the running of prescription was suspended or interrupted. *Wells v. Farm Bureau Insurance Co.*, 2019-0940 (La. App. 1st Cir. 2/26/20), 300 So. 3d 9, 10-11. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. *See* La. C.C.P. art. 931; *Cichirillo v. Avondale Industries, Inc.*, 2004-2894 (La. 11/29/05), 917 So. 2d 424, 428. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. *Harris v. Breaud*, 2017-0421 (La. App. 1st Cir. 2/27/18), 243 So. 3d 572, 578-79.

In the petition filed on February 3, 2016, Duplessis alleges that Mr. Chauncy left its employ in April 2014, after which it learned of the facts giving rise to this lawsuit. Mr. Chauncy bore the burden of proving that Duplessis's claims had prescribed. The burden did not shift to Duplessis to prove that the running of prescription was suspended or interrupted, as we find that accepting the facts of the amended petition as true, a breach of fiduciary duty has been alleged, which is governed by a ten-year prescriptive period. Therefore, the trial court erred in finding that Duplessis had no cause of action for breach of fiduciary duty and that its claim for such breach was prescribed.[7]

## CONCLUSION

Based on the foregoing, the August 13, 2020 amended judgment of the trial court sustaining the exceptions raising the objections of no cause of action and prescription and dismissing the claims of Duplessis Buick-GMC Truck, Inc. as to breach of fiduciary duty against Michael Chauncy is reversed. All costs of this appeal are assessed to Michael Chauncy.

**REVERSED.**

---

[7] We make no determination as to whether Duplessis can prevail on the merits of this case, as we have only concluded that the trial court improperly maintained the exceptions of no cause of action and prescription.