659 So.2d 842 (1995)
HERNDON & ASSOCIATES, INC.
v.
Lawrence T. GETTYS, d/b/a Gettys Insurance Agency, Inc., and The Travelers Insurance Company.
No. 95-CA-206.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 1995.
*843 Ralph E. Smith, New Orleans, for plaintiff/appellant, Herndon & Associates, Inc.
James J. Morse, New Orleans, for defendant/appellee, Travelers Ins. Co.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Plaintiff, Herndon and Associates Inc. (hereinafter "Herndon"), appeal a summary judgment in favor of defendant, Travelers Insurance Company ("Travelers"). We reverse and remand.
Herndon filed suit for damages against Lawrence T. Gettys, d/b/a Gettys Insurance Agency, Inc ("Gettys") and Travelers. Plaintiff alleged that on January 1, 1990, Travelers, with whom Herndon had an agency contract for the placement of automobile, commercial, homeowners, and other lines of insurance, cancelled the contract. Subsequently, Herndon entered into a brokerage agreement with Gettys who is an authorized agent for Travelers, to bring new business to Gettys who would then submit the policies to Travelers. This agreement was worked out with the knowledge and approval of Travelers, and provided, among other things, that on all policies which Herndon wrote through Gettys (in transferring business), the premium commissions would be split equally between Herndon and Gettys. The arrangement was effective from June 1990 until August 1991, at which time Gettys reduced Herndon's share of the commissions to 30%.
Dissatisfied with the situation, and because Gettys allegedly (according to Herndon) began to solicit Herndon's clients (in violation of their agreement), Herndon arranged to transfer the Travelers' business to the Bush-LeNormand Agency. Although it was necessary for the Travelers accounts to be transferred to Bush-LeNormand, and letters to this effect were sent to Travelers, plaintiff alleged that Travelers refused to transfer those accounts, causing him to lose the commissions due. Herndon also alleged that Gettys wrongfully withheld those commissions in the amount of $75,000.00.
In supplemental pleadings, Herndon alleged an action in violation of La.R.S. 51:1405 et seq., that is, unfair competition or deceptive trade practices and, alternatively, that there was a violation of La.R.S. 22:1213 which prohibits unfair trade practices in the business of insurance.
Numerous pleadings were filed, including an exception of no cause of action filed by Travelers on the unfair trade practice claim; the exception was overruled by the trial court. Appellee, Travelers, subsequently filed a motion for summary judgment, alleging that insofar as a contractual claim was at issue, no claim for breach of contract against Travelers could be maintained since there was no contract between Travelers and Herndon after January 1, 1990. It was further alleged that because Herndons' contract was cancelled, Herndon had no vested right to receive commissions on renewal premiums.
Travelers also urged: (1) that it could not be liable on a theory of negligence since it owed no duty to Herndon; (2) that R.S. 51:1405 did not apply to the insurance industry; and (3) that in any case, it was not guilty of unfair trade practices.
Following a hearing on the motion, the trial court granted summary judgment in favor of Travelers, dismissing it from the lawsuit. Plaintiff appeals.

TRIAL COURT FINDINGS
The trial court styled its findings as "Findings of Fact; Conclusions of Law". The trial judge stated that, in order to maintain an action for tortious interference with a contract, it was necessary to find that a contract existed between Herndon and Travelers, and that since Herndon's authorization to write automobile policies had been withdrawn, he *844 had no contractual relationship with Travelers regarding auto insurance. The court also found that in regard to the unfair trade practice claims under La.R.S.51:1405(A),[1] that the claim was not supported by the deposition testimony submitted with the motion. We quote from the reasons for judgment:
Travelers contends that it has a certain method for transferring policies between agents, ... New applications must be filled out for transfers to be completed; Herndon attempted to use agent-of-record letters instead of applications. Barbara Sims was in charge of the Bush-LeNormand accounts.... Ms. Sims testified that Travelers' new business applications rather than agent-of-record letters to transfer policies between agents.... Herndon himself testified that he previously used applications to transfer business from his own agency to Gettys.... Furthermore, Herndon testified that he refused to submit applications after his agent-of-record letters were rejected, but instead decided to file suit.
The court then concluded that Herndon failed to show any unreasonable or unfair trade practices on the part of Travelers, "but simply failed to follow the prescribed method of transferring business."

ANALYSIS
A motion for summary judgment is properly granted only if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Baker v. Maclay Properties Co., 94-1529 (La. 1/17/95), 648 So.2d 888. "Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted." Baker, supra; Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183.
The Supreme Court stated in Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730:
As this court has oft-stated, summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court.... Likewise, summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts.
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); Smith v. Our Lady of the Lake Hosp., Inc., supra.
Thus, an appellate court makes the same inquiries as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith, supra. The Supreme Court further stated in Smith:
In determining whether an issue is `genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence ...
A fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). `[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.' Simply put, a `material' fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.
Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documentspleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. La.C.C.P. Art. 966(B); `To satisfy this burden, the mover must meet a strict standard of showing *845 that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact.' ... Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party.
In the present case we find on our review of the case "de novo" several questions of material fact which preclude the granting of summary judgment in the present case.
With regard to the plaintiff's claim for intentional interference with a contract, the trial court correctly found that for the claim to be maintained, it is necessary to find that a contract existed between Herndon and Travelers. See Korson v. Independence Mall I, Ltd., 595 So.2d 1174 (La.App. 5 Cir. 1992), in which we found the initial criteria for such an action to be "the existence of a contract or a legally protected interest between the plaintiff and the corporation".
At the outset we note that the determination made by the trial judge that there was no contract on which to base such an action, was (as the title to its reasons state) a finding of fact. While it is undisputed that Travelers discontinued a portion of its contract with Herndon, (the automobile lines agreement), it appears from the record that this agreement constituted only part of the entire contract between the parties.
In opposition to the motion for summary judgment, plaintiff submitted a copy of the "Agency Benefits Agreement" between it and Travelers on the "personal lines" of insurance. That document makes it abundantly clear that there is an overall "Agency Contract" between Herndon and Travelers, of which the agreements which are the subject of this litigation constitute only a portion. There is nothing in the record to evidence that the entire contract between Herndon and Travelers had been terminated.
Instead, it appears that the agency contract continued to exist, along with the agreements regarding personal and commercial lines of insurance. The agency contract does not appear in the record, but its existence makes the "finding of fact" that no contract existed (between Travelers and Herndon) not only improper on a motion for summary judgment, but incorrect as well.
The "automobile lines" agreement itself, along with its terms and conditions, is also absent from the record on appeal, an omission which we find is also fatal to summary judgment. We do not determine whether or not the present case can be maintained on the issue of intentional interference, as such is not a function of the vehicle of summary judgment. Rather, we hold only that questions of material fact relative to the existence and terms of the contracts exist which preclude such summary judgment.[2]
Because summary judgment is inappropriate on the one cause of action, it may not be maintained on the other unfair trade practices claim. As we said in First Nat. Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5 Cir.1993):
In the case of partial summary judgments, it has been held that partial summary judgments, unless specifically authorized by the Code of Civil Procedure, must grant at least part of the relief prayed for by one of the parties; it cannot merely strike down a theory of the case. Partial summary judgments which are not specifically authorized and do not grant all or part of the relief prayed for are not permitted.
There we remanded the matter for trial when summary judgment did not dismiss a party completely and dispose of all the claims against that defendant. See also Ellis v. Normal Life of Louisiana, 93-1009 (La. App. 5 Cir. 5/31/94), 638 So.2d 422.
Additionally, it appears that the trial court impermissibly made factual findings on this issue. As the trial court stated, Herndon alleged that the arbitrary refusal to accept the policy transfers is an unfair deceptive practice that unreasonably restrained him in the insurance business. Plaintiff *846 strongly contests Travelers' contention that new applications must be filled out to complete transfers, and contends that agent-of-record letters sufficed, alleging that there was no expressed policy setting forth the proper procedure. Thus, we find there exists another issue of material fact which the trial court improperly "resolved" by stating that new applications must be filled out. For these reasons also, summary judgment is similarly inappropriate.[3]

DECREE
For the foregoing reasons, the summary judgment in favor of appellee is reversed, and the matter remanded to the trial court for further proceedings. Appellee is taxed all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The findings incorrectly referred to "La.R.S. 52:1405(A).
[2] We note upon our examination of the record that the pleadings and evidence do not preclude an action for breach of contract, depending of course on the terms of the agency contract.
[3] Appellee asserts that plaintiff cannot maintain a cause of action under La.R.S. 22:1213 et seq. because Alarcon v. Aetna Casualty & Surety, 538 So.2d 696 (La.App. 5 Cir.1989) states that the commissioner of insurance has exclusive jurisdiction over allegations of unfair practices in the insurance industry. We find that such is not the holding of that case, which is inapplicable anyway since it involves a complaint from a consumer against their insurer, not a trade practice. See instead Citizens Bank and Trust v. West Bank Agency, 540 So.2d 440 (La.App. 1 Cir.1989).