11YELVERTON, Judge.
This appeal arises from the granting of a partial summary judgment awarding part of what was allegedly due Nabors Drilling USA Inc. for services it performed under a drilling service contract with NR Turnkey, Inc. For the following reasons, we reverse.
IzFACTS
Nabors entered into a contract to provide drilling services for Turnkey. The contract provided that Turnkey was to pay $5,600 per 24 hour day for “daywork.” Additionally, under the contract, Turnkey agreed to pay for any damage or destruction to certain equipment, including drill pipe, provided by Nabors.
Nabors performed the drilling services and submitted invoices to Turnkey for payment due under the terms of the contract. Nabors alleges that $84,437.53 remains due under the contract. Nabors filed suit against Turnkey and Universal Surety of America (USA), the surety for Turnkey’s debt, for this amount.
Nabors itemized the contract debt. First, it alleged that it was entitled to $32,723.59, the balance on an invoice submitted for work performed on a daily basis from July 1,1994 to July 31, 1994. It also claimed that it was entitled to $1,400 for a second invoice submitted for a partial day’s work on August 1, 1994, when the rig was released. The total for the daywork it alleged was due was $34,-123.59. An additional item in the suit on the contract was for $44,712.85 as the cost to replace 65 joints of drill pipe. The last item Nabors sued for was for $5,601.09 for repairs to the drill pipe. In addition, interest, costs and attorney’s fees were demanded.
On March 30, 1995, Nabors filed a motion for summary judgment. After a hearing, the trial court granted the motion for summary judgment to the extent of $34,123.59, the amount due for daywork services under the terms, of the contract. The trial court denied the summary judgment with respect to liability for destroyed or damaged drill pipe finding that a genuine issue of material fact existed with regard to these claims. USA appeals this judgment claiming that summary judgment should not have been granted.
IMPARTIAL SUMMARY JUDGMENT
USA argues that this was an improper grant of a partial summary judgment. Citing Everything On Wheels v. Subaru South, 616 So.2d 1234 (La.1993), USA claims that the partial summary judgment merely resolved one claim of the contractual dispute leaving other items or claims as open issues.
Pursuant to La.Code Civ.P. art. 1915(A)(3) a partial final judgment may be rendered by the trial court if it grants a motion for summary judgment, as provided by La.Code Civ.P. arts. 966 through 969, except a summary judgment rendered pursuant to Article 966(D). Under Article 966 a partial summary judgment may be rendered on the is *644 sue of liability alone or insurance coverage alone. However, a partial summary judgment on the issue of insurance coverage is an interlocutory judgment as opposed to a final judgment pursuant to Article 1915. There is no provision for a partial summary judgment on the issue of damages, whether from tort or contract, much less on one element of claimed damages.
As stated in Everything on Wheels, 616 So.2d at 1241, “[a] judgment which, without dismissing a party, adjudicates some (but less than all) claims, defenses, or issues presents a greater problem [than a judgment which results in the dismissal of one or more of the parties].” The problem that the supreme court was concerned with was piecemeal litigation and multiple appeals.
In the present case, Nabors was granted a summary monetary award for only one item, or issue of contract damages it was claiming, the daywork. The case must still proceed on the remaining disputed elements of the alleged contractual obligations, including the amount due for replacing and repairing the drill pipe. It|4was an improper partial summary judgment. Finding merit to this argument made by USA, there is no need to address USA’s other assignments of error.
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it granted summary judgment in favor of Nabors for the amount due for daywork services. This matter is remanded to the trial court for further proceedings consistent with the views expressed.
Costs of this appeal are assessed to Na-bors Drilling USA, Inc.
REVERSED AND REMANDED.
AMY, J., dissents and assigns written reasons.