687 So.2d 596 (1997)
Suzanne BOUDREAUX
v.
STATE of Louisiana, etc.
No. 97-C-0076.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1997.
Writ Denied April 18, 1997.
*597 Harry D. Hoskins, III, Hoskins & Hoskins, L.C., New Orleans, for Relator.
Gregory C. Weiss, Ann Marie LeBlanc, Weiss & Eason, L.L.P., New Orleans, for Respondent.
WALTZER, Judge.

STATEMENT OF THE CASE
Suzanne Boudreaux sued the State of Louisiana, through the Department of Health and Hospitals, d/b/a Charity Hospital of Louisiana at New Orleans and/or Medical Center of Louisiana at New Orleans (the Hospital), for alleged medical malpractice arising out of the failure of the Hospital's Emergency Room personnel to diagnose and treat Boudreaux's heart attack. A medical review panel found malpractice. Five years after the acts complained of, plaintiff amended her petition to add a claim under the federal "anti-dumping statute," the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. sec. 1395dd (EMTALA). The trial court granted the Hospital's motion for partial summary judgment dismissing the cause of action under EMTALA. Boudreaux seeks reversal of that judgment pursuant to this Court's supervisory jurisdiction. We find no error in the trial court's partial summary judgment and deny relief.
FIRST ASSIGNMENT OF ERROR: Finding that plaintiff had to prove the Hospital failed to properly screen because of plaintiff's inability to pay.
Subsections (a) and (b) of EMTALA require hospitals with emergency departments upon request to provide presenting patients an appropriate medical screening examination, ancillary routine emergency services and necessary stabilizing treatment. In addition to civil penalties, subsection (d)(2) provides for civil enforcement by injured patients, authorizing an award of "those damages available for personal injury under the law of the State in which the hospital is located" and equitable relief. 42 U.S.C. sec. 1395(dd) subsection (d)(2)(C) limits recovery to actions brought no more than two years after the date of the violation. Subsection (f) provides that this law does not preempt any State or local law requirement except to the extent that the requirement directly conflicts with a requirement of that section.
While it may be argued that EMTALA creates a federal malpractice action, the federal jurisprudence clearly establishes that EMTALA was enacted in response to the concern that hospitals were dumping medically indigent patients either by refusing to provide emergency medical treatment or by transferring indigent patients without having stabilized their emergency conditions. The Act was not designed to provide a federal remedy for misdiagnosis or general malpractice. Brooks v. Maryland General Hospital, 996 F.2d 708 (4th Cir.1993).
The basis of the malpractice claimed by plaintiff and found by the medical review panel consists of the Hospital's failure to diagnose and treat Boudreaux's heart attack. No evidence was offered on the Motion for Partial Summary Judgment that this failure to diagnose was intentional "dumping" based on indigence rather than negligent malpractice. Indeed, it seems nonsensical to argue that the Hospital made the medical decision in this case based on indigence since Charity Hospital is, by definition, organized to provide medical services to the indigent and is not advantaged by practicing "dumping."
Plaintiff relies on Griffith v. Mt. Carmel Medical Center, 831 F.Supp. 1532 (D.Kan. 1993). In that case, however, plaintiff's wife testified that plaintiff's lack of insurance may have motivated the scheduling of his emergency EEG examination, and the court found a clear question of fact as to whether Mount Carmel's decision not to admit Mr. Griffith was motivated by the fact that he was uninsured.
Boudreaux contends, in effect, that she can prevail under EMTALA if she can prove that she was treated differently from ANY other patient on any basis at all, and that she need not show that the Hospital was guilty of discrimination based upon her medical indigence. This interpretation necessarily implies that EMTALA creates a federal malpractice cause of action, since a patient could argue an EMTALA right whenever the hospital can be shown to have treated another *598 patient in accordance with the applicable standard of care. Thus, according to Boudreaux's analysis, the fact that some patients are not victims of malpractice creates the "differential treatment" necessary to support EMTALA liability for any malpractice victim. This is an untenable construction of the federal statute and is wholly inconsistent with its legislative intent.
This assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR: Holding that subjective awareness of an emergency medical condition must be shown to prevail on an EMTALA failure to stabilize claim.
This argument is without merit absent a showing that the Hospital failed to stabilize Boudreaux because of her medical indigence. It appears that Boudreaux was discharged for the same reason she was not given emergency medical treatment, that is, because the medical personnel negligently misdiagnosed her condition. This is the essence of the medical malpractice claim on which Boudreaux prevailed before the Medical Review Panel and which is pending in the trial court.
THIRD ASSIGNMENT OF ERROR: Granting a partial summary judgment was improper under Everything on Wheels Subaru v. Subaru South, Inc. and Pape v. ODECO.
Boudreaux's third assignment of error attacks the trial court's authority to grant partial summary judgment dismissing her EMTALA claim. Article 1915 A(3) of the Louisiana Code of Civil Procedure provides that a final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment as provided by Articles 966 through 969 of the Code of Civil Procedure. In 1993 the Louisiana Supreme Court held that a trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part, but the partial judgment rendered by the court is not a partial final judgment which is appealable in the absence of irreparable injury. Any party may apply for supervisory writs by showing that an immediate review may materially advance the termination of the litigation. Otherwise, the causes of action affected by the interlocutory judgment may be reviewed on appeal after the trial on the merits disposes of all issues and parties. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1242 (La.1993).
During the three years that followed, the courts of appeal have frequently applied this holding in various factual contexts.
The First Circuit upheld partial summary judgment finding an insurer obligated to defend its insured in Dennis v. Finish Line, Inc., 93 0638 (La.App. 1 Cir. 3/11/94), 636 So.2d 944, writ denied 94-1652 (La.10/7/94), 644 So.2d 636.
The Second Circuit approved a partial summary judgment declaring an insurance policy's limitation null although other issues remained to be decided at trial. Nosser v. Health Care Trust Fund Bd. of City of Shreveport, 27,619 (La.App. 2 Cir. 1/24/96), 666 So.2d 1272.
The Third Circuit approved partial summary judgment on the issue of an insurer's duty to defend, Deshotels on Behalf of Deshotels v. Evangeline Parish School Bd., 95-1462 (La.App. 3 Cir. 4/3/96), 671 So.2d 1136, and reversed a trial court's judgment granting recovery for one element of damages in Nabors Drilling USA, Inc. v. NR Turnkey, Inc., 95-1040 (La.App. 3 Cir. 3/6/96), 670 So.2d 642. In Cenla Physical Therapy & Rehabilitation Agency v. Lavergne, 94-873 (La.App. 3 Cir. 3/1/95), 651 So.2d 461, plaintiff *599 sued his former employee for breach of fiduciary duty, violation of the Louisiana Unfair Trade Practices Act and breach of a non-competition agreement. The Third Circuit reversed the trial court's partial summary judgment as to the non-competition agreement, noting that judgments which do not grant all or part of the relief prayed for are not permitted, since to do so would promote piecemeal litigation and the uneconomical use of judicial time, thereby frustrating the prompt resolution of issues. The court found that the partial summary judgment in Cenla resolved only one of several theories of the plaintiff's case, all of which arose out of and were proved by the same operative facts. The Supreme Court provided further clarification in Derouen v. Quintana Petroleum (U.S.), Inc., 95-1332 (La.9/15/95), 659 So.2d 735, reversing the Third Circuit's affirmance of a partial summary judgment on a statutory employer status issue.
The Fifth Circuit distinguished between improper partial summary judgments, which purport to resolve different theories of recovery arising out of the same operative facts, and judgments that dismiss separate and distinct causes of action in the same case, which are not appealable. First National Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5 Cir.1993), writ denied 94-0425 (La.4/4/94), 635 So.2d 1110. It concluded in Herndon & Associates, Inc. v. Gettys, 95-206 (La.App. 5 Cir. 7/25/95), 659 So.2d 842, 845, that partial summary judgment of an unfair trade practices claim is improper when there is a related pending claim for breach of the contract based on the theory of intentional interference with contract. See also, Cenla, supra.
This Court applied the Subaru standard to hold that partial summary judgments determining status are improper. Williams v. Trapolin Law Firm, 93-0877 (La.App. 4 Cir. 7/27/94), 641 So.2d 673 (employee status); and Pape v. ODECO, Inc., 93-1005 (La.App. 4 Cir. 9/21/94), 643 So.2d 229 (seaman status). A contrary holding affirming a partial summary judgment on Jones Act seaman status, Collins v. GFS Co., Inc., 94-2063 (La.App. 4 Cir. 6/7/95), 657 So.2d 499, was reversed per curiam by the Louisiana Supreme Court on writ granted 95-1545 (La.10/6/95), 661 So.2d 456. In Kidd v. Independent Fire Ins. Co., 95-1273 at p. 9 (La.App. 4 Cir. 1/19/96), 668 So.2d 406, 410, we noted that summary judgment may not be granted for purposes of determining a particular element of liability such as notice or fault where such a determination is not completely dispositive of the question of liability between the parties concerning the same claim. In Porche v. Continental Ins. Co., 95-0840 (La.App. 4 Cir. 5/16/95), 655 So.2d 788, we affirmed denial of a motion for summary judgment dismissing a claim for exemplary damages, holding that this would not result in a party's dismissal nor would it grant judgment for defendants against all or part of the relief sought by plaintiff.
The principle that emerges from the jurisprudence is that partial summary judgment is inappropriate where the same operative facts gave rise to and are probative of both the issue being resolved summarily and the remaining issues in the case. Porche, 655 So.2d at 789. The Supreme Court recognized that where two actions are cumulated which could have been brought separately, a partial judgment may be rendered to dismiss one while leaving the others to be tried; in such a case, there are truly several causes of action and judgment partially maintaining an exception as to one separate and distinct cause of action is generally appropriate. Everything On Wheels Subaru v. Subaru South, Inc., 616 So.2d at 1239.
In the instant case, the operative facts proving the Hospital's malpractice will be established by medical testimony setting forth the standard of emergency care in this locality and the Hospital's deviation from that standard. The operative facts that would be necessary to prove Boudreaux's EMTALA claim are economic and relate to the Hospital's policy for emergency treatment and stabilization of medically indigent patients, the Hospital's knowledge of Boudreaux's medical indigence and the Hospital's actions tending to show indigence-based "dumping" in Boudreaux's case.[1]
*600 Because the legislative history and jurisprudence establish that EMTALA provides a separate cause of action from the state malpractice claim, and is proved by different operative facts than those which would prove the malpractice claim, Everything on Wheels Subaru and Pape authorize summary dismissal of the EMTALA cause of action.
Boudreaux's appeal rights are protected because she may proffer evidence on the EMTALA claim that has been excluded, thus allowing for the entire case to be appealed at one time, with a complete record for appellate review and decision. See, First National Bank v. Lloyd's Underwriters, 629 So.2d 507, 512 (La.App. 5 Cir.1993).
WRIT DENIED.
BYRNES and JONES, JJ., dissent with reasons.
BYRNES, Judge, dissenting with reasons:
I adopt and incorporate by reference the entirety of Judge Jones' dissent which I feel expresses succinctly the current state of the law.
Although I feel bound by the Supreme Court's view of the law as expressed in the line of cases represented by Subaru, I still have misgivings that when the legislature said in LSA-C.C.P. art. 966 that a summary judgment may be granted "for all or part of the relief" [emphasis added] requested that a normal reading of the term "relief" would be broader than what the cases arising out of Subaru would indicate. As I read those cases in practice only those partial summary judgments where a party is dismissed from the litigation or the partial judgment is specifically provided for under LSA-C.C.P. art. 966 E or 966 F[1] will be sustained on appeal. The Supreme Court in Subaru suggests that such relief can be granted where separate causes of action exist, but no cause of action ever seems to be separate enough. The legislature did not say that partial summary judgments could be granted only where a party is dismissed from the litigation or on separate causes of action and I do not believe that that is what was intended by the term "relief", at least not in the very narrow sense adopted by the Subaru line of cases.
Were the interpretation of the term "relief" to come before me as a res nova question I would join with the majority in the instant writ opinion. For the same reason I would also agree with this Court's recently reversed opinion in Collins v. GFS Co., Inc., 94-2063 (La.App. 4 Cir. 6/7/95), 657 So.2d 499, reversed, 95-1545 (La.10/6/95), 661 So.2d 456.
Perhaps in view of the legislature's recently expressed sentiment favoring summary judgments generally, the Supreme Court may adopt a broader view of what is appropriate for disposition by way of partial summary judgment which will permit the majority opinion in the instant to stand.
JONES, Judge, dissenting with reasons:
In cases where the plaintiff alleges two or more theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one theory of recovery. Everything on Wheels v. Subaru, 91-2708, (La.4/12/93), 616 So.2d 1234, 1239. Further, a partial summary judgment may not be utilized to dispose of theories of recovery. Pape v. ODECO, Inc., 93-1005, (La. 4 Cir.9/21/94), 643 So.2d 229, 233.
The issue of what constitutes the same or different causes of action was addressed by the Court in Everything on Wheels v. Subaru when it stated:
If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining *601 the exception is generally inappropriate.

However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate.... (Emphasis added)
Id. at 1239.
In the instant case, plaintiff's claims all arise out of a single transaction or occurrence. Plaintiff merely alleges different theories of recovery for this action arising out of a single transaction or occurrence. For this reasons I believe the trial court erred by granting the motion for partial summary judgment prior to the trial on the merits.
To try the entire case before a jury and decide this issue on a later appeal would constitute a monumental waste of time and money and do nothing to further judicial economy.
Accordingly, I would grant the writ application and reverse the judgment of the trial court.
NOTES
[1] It was Boudreaux's failure to provide proof of these operative facts that led the trial court to grant partial summary judgment dismissing her EMTALA claim.
[1] Therefore, questions of insurance coverage and the duty to defend are not germane to the question of partial summary judgments in general.