JjCLARENCE E. McMANUS, Judge.
Huyen A. Tran and Hoa Le appeal the judgment of the trial court granting summary judgment in favor of Homeplace Properties. On January 17, 2001, the trial court granted summary judgment in favor of Homeplace Properties, thereby decreeing it to be the owner of an undivided 50% interest in certain property within the Homeplace Subdivision in Avondale, Louisiana. The trial court, upon joint motion of the parties, certified the judgment as immediately appealable on March 26, 2001.
STATEMENT OF THE CASE
The property in dispute in this case is known as the Homeplace Subdivision, created by Ordinance No. 16238 of the Jefferson Parish Council on October 31, 1984. The subdivision consists of two large tracts of land along U.S. Highway 90 in Jefferson Parish. One tract of land consists of 26.81 acres, and the other tract consists of 61.64 acres. There were two Acts of Sale for the entire property because the two tracts were put together to create the subdivision.
The Appellants in this case are Huyen A. Tran, and his wife, Hoa Le (hereinafter “Appellants”). Appellants claim to be full owners of the property described above. Appellants acquired the property in 1993 via an Act of Sale with the Resolution Trust Corporation (RTC). The dispute on appeal is what percentage of the property the Appellants acquired in this 1993 Act of Sale.
| ¡>,The Appellee in this case is Homeplace Properties.[1] Homeplace Properties is a Louisiana Partnership in Commendam, *443 and its general partner is Homeplace Inc. Another entity indirectly involved in this litigation is American Homeplace. American Homeplace is a Louisiana partnership comprised of Homeplace Properties and American Savings. American Homeplace was specifically created to purchase and develop the subdivision involved in this case.
According to Homeplace Properties, on December 14, 1984, American Homeplace and Homeplace Properties acquired the subject property described above through an Act of Sale passed before a notary public. The property in dispute was purchased for $402,062.17, and the documents were recorded in the appropriate office of public records. On that same day, Home-place Properties and American Homeplace executed a $2,500,000.00 Collateral Mortgage on the entire property, with each party mortgaging their respective undivided 50% interest in the property.
Subsequently, on April 4, 1986, American Homeplace alone executed a $1.5 million dollar Collateral Mortgage of its 50% undivided interest in the property. This second Collateral Mortgage was filed for recordation in the public records. The Collateral Mortgage encumbered only the 50% undivided interest owned by American Homeplace, leaving unencumbered the 50% interest of Homeplace Properties. On November 2, 1988, the Pontchartrain State Bank filed a Petition for Foreclosure via Executory Process, naming only American Homeplace as defendant. There is no dispute that the second of the two collateral mortgages was the mortgage that was ultimately foreclosed upon, nor is it disputed that Pontchartrain State Bank was the foreclosing creditor. RTC, the Appellants’ predecessor-in-interest, acquired the property in 1989 after Pontchartrain State Bank foreclosed on the 1986 Collateral Mortgage against American Homeplace.
Qn November 2, 1999, Appellants filed a motion for summary judgment asserting ioo% ownership of the property based oniy on the 1984 Act of Sale and the 1986 ^Collateral Mortgage. The trial court denied Appellants’ motion for summary judgment, and on April 27, 2000, this Court affirmed that judgment finding that material issues of fact concerning Appellants’ claim were still in dispute. The present motion for summary judgment filed by Homeplace Properties, is based not only on the 1984 documents but also the 1986 Collateral Mortgage and the 1989 Proces Verbal Deed.
LAW AND ANALYSIS
In Louisiana, summary judgments are now favored, and are designed to secure the just, speedy, and inexpensive determination of all actions, except those specifically excluded in La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered by the trial court if the pleadings, depositions, interrogatory responses, admissions, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate review of summary judgment is de novo, applying the same criteria as the trial court to determine whether summary judgment is appropriate. Herndon and Asssociates v. Gettys, et al., 95-206 (La.App. 5 Cir. 7/25/95), 659 So.2d 842.
After considering these documents and all of the information contained in the *444 public records, the trial court granted Homeplace Properties’ motion for summary judgment. The trial court found that American Homeplace and Homeplace Properties were two different entities and they each intended to mortgage their prospective shares in 1984. What was seized by the sheriffs office in 1989 was only the interest of American Homeplace. Pontchartrain State Bank, the foreclosing creditor, only foreclosed on the interest of American Homeplace. Homeplace Properties’ interest was never seized. All of this information was in the public records and known to Pontchartrain State Bank, the sheriffs office, and RTC, who ultimately transferred the property to the Appellants.
By tracing the title history of this property backwards from the present day, the trial court determined that as a matter of law Homeplace Properties was never divested of its 50% undivided interest in the property. The trial court found that in 1993, RTC entered into an Act of Sale whereby it transferred its interest in the property to the Appellants. RTC was the receiver for American Savings and Loan Association. RTC | transferred the property to the Appellants “without any warranty whatsoever as to title or the merchantability of the title therein conveyed.” RTC acquired the property in 1989, when Pontchartrain State Bank foreclosed on the 1986 Collateral Mortgage against American Homeplace. Accordingly, in the 1989 sheriffs sale and Writ of Seizure, RTC acquired only the 50% interest in the property that American Homeplace mortgaged in 1986. Therefore, when the Appellants purchased the property from the RTC in 1993, it purchased the 50% interest that was mortgaged by American Home-place in 1986 and foreclosed upon by Pontchartrain State Bank in 1989. Home-place Properties was not a party to the foreclosure action so if Homeplace Properties ever owned a 50% percent interest in the property, then it still does own a 50% undivided interest.
Considering all of the above, we find that the trial court was correct in its interpretation of the applicable documents. As the 1984 Act of Sale indicates, American Homeplace and Homeplace Properties purchased the property. In 1986, American Homeplace mortgaged only their 50% undivided interest. In 1989, the mortgage was foreclosed upon by Pontchartrain State Bank, and sold pursuant to a sheriffs sale to RTC. The Proces Verbal Deed, the Writ of Seizure, and the Collateral Mortgage all contained identical language in describing the property in dispute:
Being part of the same property American Homeplace and Homeplace Properties acquired from Harold L. Molaison ... by Act dated ... 1984. We find that the RTC acquired only the 50% interest that American Homeplace mortgaged in 1986. Subsequently, the Appellants acquired this 50% interest from RTC in 1993. Home-place Properties was never divested of its 50% undivided interest in the property that it acquired in 1984. Accordingly, the judgment of the trial court granting summary judgment in favor of Homeplace Properties is hereby affirmed.
AFFIRMED.
DALEY, J., dissents with reasons.

. The Plaintiffs in this action, Harold and Lila Molaison, filed suit against the Trans on Octo *443 ber 17, 1995, alleging environmental law violations. On May 21, 1997, the Molaisons amended the petition and added Homeplace Properties and Homeplace, Inc. as Defendants. In February of 1999, Homeplace Properties and Homeplace, Inc. filed a Third Party Demand against the Trans asserting their interest in the property allegedly owned by the Trans.