I «SOL GOTHARD, Judge.
Plaintiffs, Rita S. and Daniel J. Bernal, filed suit against Jeffrey M. Long and JML Automotive, Inc., seeking damages for fraud, redhibition, and unfair trade practices, as well as recission, arising from a purchase of a used automobile by plaintiffs from defendant. The trial court granted summary judgment in favor of plaintiffs, ordering defendant to return the purchase price and all costs of the sale, and awarding damages, legal interest, and costs of the proceedings. The plaintiffs were instructed to return the car and transfer title, at defendant’s expense, once the judgment had been paid.
Defendants appeal, alleging that summary judgment is not appropriate in this case. Plaintiffs have answered the appeal, alleging that they are entitled to attorney fees both at the trial court level and on appeal.
In June of 1997, the Bernals contacted Mr. Long in response to an advertisement in “News on Wheels,” for the sale of a 1995 Saturn SL2. The advertisement instructed “Call Jeff,” and listed Mr. Long’s home phone telephone number. The plaintiffs went to Mr. Long’s residence to view the automobile. Mr. Long told them he was selling the car for his father, who had purchased it for his stepsister. Plaintiff stated in his deposition that he called the Saturn dealership, and was told that the car had an extended warranty,
| «Plaintiffs purchased the car for $10,300.00. They obtained financing through their credit union, and paid Mr. Long with a check made out to JML Automotive, Inc. At the time of the sale, all parties were aware that the extended warranty was a factor in plaintiffs’ decision to purchase the car.
JML Automobile, Inc., incorporated on November 13, 1996 by Jeffrey Long, has a business address different from Mr. Long’s home address. Plaintiffs stated that they believed that they were purchasing the car from Mr. Long as an individual and not JML Automobile, and that they were told by defendant that JML was a company he used to work for, and that the use of the name would facilitate the purchase and save on taxes. Mr. Long asserts that they purchased the automobile from JML, and therefore he has no personal liability.
*518 Mr. Bernal stated that after he got the car home, he discovered evidence that the car had been wrecked and the front end extensively repaired. Plaintiffs aver that Mr. Long did not tell them that the automobile had been in an accident; however, Mr. Long states that he did inform them that the automobile had been wrecked.
The affidavit of Mr. Wade McManus, adjuster for State Farm Insurance Company, states that he inspected the car on March 3,1997; that the car had been in an accident on February 15, 1997; and, that the vehicle had been badly damaged. The retail value of the car at the time of the accident was $13,625.00, the cost of the parts and labor to repair the vehicle was $9,768.07 and, therefore, the damage to the vehicle represented 72% of its retail value.
After the purchase of the car, Mrs. Ber-nal discovered that the airbag light did not come on when she started the car, so they brought the car to the Saturn dealership. Steve Allain, service supervisor at the dealership, avers that upon inspection, it was determined that both driver side and passenger side air bags were missing, that the steering column, air bags, air bag coil, and air bag monitor needed |4to be replaced, and that an alignment would then be needed. The cost of those repairs was estimated to be $2,587.39. Allain did not inspect the rest of the vehicle.
As stated, the existence of the extended warranty was important to plaintiffs. As a result of the accident, the extended factory warranty had been altered. Andrew Hag-er, representative of Saturn Corporation, averred that the warranty was not voided because the damage to the vehicle was not greater than 75% of the actual cash value of the vehicle. However, the repairs necessary as a result of accident or collision damage were not covered, and the warranty did not cover damage or failure resulting from modification or alteration of the vehicle’s original equipment, including the installation of non-Saturn parts. There was no evidence presented to show wheth-. er the parts used in repairing the car were Saturn parts or another brand.
Thereafter, plaintiffs requested that the sale be rescinded; however, defendant did not refund the money. Plaintiffs have remained in possession of the automobile, which they have stored since its purchase.
We conduct our review of the grant of a motion for summary judgment as follows:
In Louisiana, summary judgments are now favored, and are designed to secure the just, speedy, and inexpensive determination of all actions, except those specifically excluded in La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). A summary judgment shall be rendered by the trial court if the pleadings, depositions, interrogatory responses, admissions, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate review of summary judgment is de novo, applying the same criteria as the trial court to determine whether summary judgment is appropriate.
Molaison v. Tran, 01-919 (La.App. 5 Cir. 12/26/01), 803 So.2d 441.
Plaintiffs argued that they were entitled to recission of the sale due to failure of principal cause of the contract, La. C.C. arts.1948-1950, and due to redhibitory | (¡defects in the car. La. C.C. art. 2545. They argue that they intended to purchase a car that had not been in an accident, and that all parties knew of the importance of having the full, extended Saturn warranty in place.
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art.1906. A contract is formed by the *519 consent of the parties established through offer and acceptance. La. C.C. art.1927. Consent may be vitiated by error, fraud, or duress. La. C.C. art.1948. Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred, and that cause was known or should have been known to the other party. La. C.C. art.1949. La. C.C. art.1950 states:
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should have regarded, as a cause of the obligation.
In this case, both parties stated that one of the causes of the contract was the extended warranty. It is also undisputed that the full factory extended warranty had been altered as a result of the accident, and therefore the unaltered extended warranty was not in effect at the time plaintiffs purchased the automobile. Thus, plaintiffs consent was vitiated by error, and the trial court did not err in granting summary judgment rescinding the sale of the automobile.
In this appeal, Mr. Long also alleges that the trial court erred in granting summary judgment finding him personally liable, since plaintiffs purchased the automobile from JML Automotive, a Louisiana corporation, and not Jeffrey Long, the individual. Plaintiffs respond that Mr. Long is personally liable, since he committed fraud in the sale of the automobile. Plaintiffs further allege that Mr. Long committed unfair trade practices pursuant to La. R.S. 51:1409.
In addition, plaintiffs have answered this appeal, and have requested attorney fees based on La. C.C. art. 2545, La. C.C. art. 1958 and La, R.S. 51:1409.
IfiWe find that the record before us does not contain sufficient uncontested facts to establish the personal liability of Mr. Long.
We further find factual issues on the issues of fraud and/or unfair trade practices of both Mr. Long and JML Automotive. We also note that there is no evidence as to the entitlement, or amount, of attorney fees at issue, and therefore these issues are not ripe for summary judgment.
For the above discussed reasons, that portion of the trial court’s judgment which grants rescission of the sale of the automobile is affirmed. The judgment holding Jeffery Long personally liable is reversed, and this matter is remanded for consideration of personal liability. All other claims of plaintiff, including plaintiffs claims for fraud and unfair trade practices against all defendants, are remanded for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.