484 So.2d 785 (1986)
Willie Mae McGOWAN
v.
H.L. RAMEY, et al.
No. CA841270.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*786 Otha C. Nelson, Sr., Baton Rouge, for plaintiff-appellant Willie Mae McGowan.
R. Loren Kleinpeter, Baton Rouge, for defendant-appellee All American Assur. Co.
Daniel H. Taylor, Baton Rouge, for defendant-appellee H.L. Ramey, Budget Finance of Baton Rouge Inc. Rambin Corp.
H. Evans Scobee, Baton Rouge, for defendant-appellee American Motorists Ins. Co.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
This suit commenced as cumulated causes of action in tort and unfair trade practices.

PROCEDURAL HISTORY
This suit was filed on July 22, 1980. The plaintiff, Willie Mae McGowan, alleged the following: (1) On October 13, 1978, she borrowed money from Budget Finance of Baton Rouge, Inc. (Budget)the loan was to be repaid in monthly installments and the loan was secured by a chattel mortgage; (2) on August 3, 1979, she went to Budget's office in Baton Rouge, Louisiana, and spoke to Budget's employee, H.L. Ramey, about lowering her monthly payments; (3) Ramey "became angry and violent and said to petitioner, `If you treat me right I will fix your bill'" and then committed a battery on her; (4) as a result of this battery, she fell down on the sidewalk outside the Budget office and further injured herself; (5) such actions by Budget and its employee are unfair or deceptive acts or practices in a consumer transaction and are proscribed by the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq.; and (6) she sought treble damages and attorney fees. The Rambin Corporation (Rambin) was made a defendant. Budget was wholly owned by Rambin and both corporations are now defunct. American Motorist Insurance Company was made a defendant as the insurer of Budget and Rambin.
Ramey, Budget, Rambin and American jointly answered the petition. In the answer, they pled a peremptory exception asserting the objections of no cause of action and no right of action. They contended McGowan did not have "any cause of action" for treble damages and attorney fees and does not have "any right of action" for such claims. They further assert McGowan does not have a cause or a right of action against them for unfair trade practices because she has failed to allege the unfair trade practice took place after being put on notice by the director or attorney general as provided in La.R.S. 51:1409. Apparently, these exceptions were referred to the merits because the record does not reflect that they were disposed of prior to trial.
After a trial ending on July 21, 1982, a jury rendered a verdict which held in special interrogatories that (1) Ramey did not commit an assault or battery on McGowan; (2) Ramey did engage in an unfair trade practice toward McGowan; (3) Ramey was in the course and scope of his employment with Budget when he committed the unfair trade practice; and (4) the damages were $25,000. On August 3, 1982, in accordance with the jury verdict, the trial court rendered judgment in favor of McGowan against Ramey, Budget, Rambin and American for $25,000.
American filed alternative motions for new trial and judgment notwithstanding the verdict, contending there was no evidence to support the unfair trade practice finding and it did not provide coverage for unfair trade practices. Ramey, Budget and Rambin filed alternative motions for new trial and judgment notwithstanding the verdict, contending the unfair trade practice verdict was contrary to the law and the evidence. McGowan filed a motion for a new trial, contending the verdict on the tort claim was contrary to the law and the evidence. By judgment dated September 15, 1982, the trial court rendered judgments *787 (1) denying McGowan's motion for new trial; (2) granting a new trial to Ramey, Budget and Rambin on the unfair trade practice claim after holding the jury's verdict was "clearly contrary to the law and the evidence"; and (3) granting the motion for new trial in favor of American (limited to reargument), setting aside the prior judgment against American and dismissing McGowan's claim against American with prejudice because American did not provide coverage.
McGowan took a devolutive appeal to this court on September 20, 1982. In an unpublished opinion dated October 11, 1983, this court rendered the following decisions: (1) the judgment granting the new trial to Ramey, Budget and Rambin on the unfair trade practice cause of action was not an appealable judgment, no irreparable injury was demonstrated and that portion of the appeal was not properly before the court; (2) the judgment dismissing the tort cause of action was a final judgment, interlocutory judgments relating to that claim could be reviewed with that judgment, no prejudicial error was committed on interlocutory matters, the jury verdict rejecting the tort claim was not manifestly erroneous and the dismissal of this cause of action was affirmed; and (3) McGowan's assignment of error objecting to the dismissal of her claim against American was not properly before this court because McGowan did not appeal from that judgment. Apparently, these rulings have become final.
On December 1, 1983, McGowan filed an amended petition. The following were made party defendants therein: (1) Ramey; (2) Budget; (3) Rambin; (4) American;[1] (5) All American Assurance Company (All American); (6) Stonewall Jackson Fire Insurance Company (Stonewall);[2] and (7) Southeastern Fire Insurance of Charlotte, North Carolina (Southeastern).[3] McGowan then pled the details of her various credit transactions with Budget from 1975 to May 16, 1979. McGowan alleged All American provided credit life insurance for some of these transactions, Stonewall provided credit property insurance for some transactions *788 and Southeastern provided credit fire and property insurance for some transactions. McGowan reasserted the tort and unfair trade practices causes of action. She cumulated these two causes of action with a cause of action under the Federal Truth-in-Lending Law and Regulations, 15 U.S.C.A. § 1601 et seq. and 12 C.F.R. § 226.1 et seq. She then prayed for judgment in solido against all defendants for damages for loss of wages, medical expenses, physical injury and mental injury. She also sought treble damages and an attorney fee.
All American filed a peremptory exception pleading the objections of no cause of action and prescription. All American contended the amended petition failed to state tort, unfair trade practice and truth-in-lending causes of action against it and asserted the truth-in-lending cause of action has prescribed. This exception was heard on July 27, 1984. The trial court sustained the peremptory exception insofar as it pled the objection of no cause of action and granted McGowan 15 days from the date of the hearing to amend to state a cause of action. Judgment to this effect was signed on August 6, 1984. On August 24, 1984, the trial court granted a devolutive appeal from this judgment on written motion of McGowan.
As previously indicated, in their answer, Ramey, Budget and Rambin filed a peremptory exception pleading the objections of no cause of action and no right of action. After the amended petition was filed, Ramey, Budget and Rambin filed a second peremptory exception pleading the objections of prescription and res judicata. Therein they contended the truth-in-lending cause of action was prescribed and the tort cause of action was final and res judicata. All of these objections were heard on July 27, 1984. The trial court sustained the objection of res judicata to the tort cause of action, sustained the objection of prescription to the truth-in-lending cause of action, sustained the objection of no cause of action as it pertained to the treble damage claim, found that the reassertion of the treble damage claim in the amended petition was groundless and for purposes of harassment and awarded a $250 attorney fee in favor of Ramey, Budget and Rambin against McGowan pursuant to La.R.S. 51:1409(A). Judgment to this effect was signed on August 24, 1984. However, contrary to the oral reasons given by the trial judge, this judgment also sustained the objection of no right of action. The court minutes reflect that a motion to appeal "the judgment signed August 24, 1984" was entered that same day.

APPEAL OF ALL AMERICAN JUDGMENT
All American filed a brief herein contending McGowan did not appeal the judgment sustaining All American's peremptory exception pleading the objection of no cause of action. In the alternative, All American contends, if there was an appeal, the failure of McGowan to assign error in the judgment and/or brief the issue constituted an abandonment of the appeal. McGowan has not responded to this argument and has not assigned error about or briefed this contention.
The written motion for appeal states the appeal is from the judgment signed on August 6, 1984. The only judgment herein signed on that date is the one in favor of All American. Therefore, McGowan did appeal the All American judgment. McGowan has failed to assign error in the All American judgment. Such failure constitutes an abandonment of the appeal. This court will only review issues which are contained in specifications or assignments of error. Rule 1-3, Uniform Rules-Courts of Appeal; Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983). Issues not raised in specifications of error are considered abandoned. Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir. 1985); Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805 (La. App. 1st Cir.1983), writs denied, 444 So.2d 1220, 1222 (La.1984). McGowan's appeal of the All American judgment is dismissed with prejudice.

*789 TORT CAUSE OF ACTIONOBJECTION OF RES JUDICATA (Specification of Error 3)
McGowan contends the trial court committed error in sustaining the Ramey-Budget-Rambin peremptory exception pleading the objection of res judicata.
The doctrine of res judicata conclusively presumes the correctness of a judgment and precludes the relitigation of the judgment. La.R.S. 15:433; Dornak v. Lafayette General Hospital, 399 So.2d 168 (La. 1981). When the judgment no longer can be litigated, it is said to have the authority of the thing adjudged. La.C.C. art. 3556(31). Relitigation of the object of a judgment is barred by the doctrine of res judicata when (1) the thing demanded is the same; (2) the demand is founded on the same cause of action; (3) the demand is between the same parties and is found by them against each other in the same quality. La.C.C. art. 2286;[4]Safeco Insurance Company of America v. Palermo, 436 So.2d 536 (La.1983). The objection of res judicata raises this issue procedurally. La. C.C.P. art. 927(2).
In the amended petition, McGowan reasserted the tort cause of action against Ramey, Budget and Rambin. In the original petition, McGowan asserted the same cause of action against the same defendants demanding the same thing (damages). The trial jury found no liability and this court affirmed. The record before us does not reflect that a rehearing or a supervisory writ was sought from our judgment, and the judgment dismissing the tort cause of action now has the authority of the thing adjudged. La.C.C.P. art. 2166. The judgment sustaining the objection of res judicata and dismissing the tort cause of action against Ramey, Budget and Rambin is correct and is affirmed. Cf. Cooper v. Louisiana Farm Bureau Casualty Insurance Company, 481 So.2d 611 (La.1986).
This portion of this specification of error is without merit.

TRUTH-IN-LENDING CAUSE OF ACTIONOBJECTION OF PRESCRIPTION (Specification of Error 3)
McGowan contends the trial court committed error by sustaining the peremptory exception pleading the objection of prescription to the truth-in-lending cause of action. In brief, McGowan questions the refusal of the trial judge to allow her to present evidence on this issue.
The Consumer Credit Protection Act, commonly known as the Truth-in-Lending Law, provides a consumer's rights are subject to a one year limitation (prescriptive) period that begins to run "from the date of the occurrence of the violation." 15 U.S. C.A. § 1640(e); Nash v. First Financial Savings and Loan Association, 703 F.2d 233 (7th Cir.1983); Baskin v. G. Fox & Co., 550 F.Supp. 64 (D.Conn.1982). McGowan's amended petition pled her last consumer transaction occurred with Budget on May 16, 1979. The amended petition was filed on December 1, 1983, and pled the truth-in-lending cause of action for the first time. Thus, on the face of the pleadings, this cause of action is prescribed.
During the hearing on the Ramey-Budget-Rambin objection of prescription, counsel for McGowan offered to present evidence. The trial court judge refused to allow it and counsel assigned error. This ruling by the trial court is wrong; evidence may be presented at the trial of an objection of prescription. La.C.C.P. art. 931. In particular, where prescription has tolled on the face of the pleadings, the burden of proof shifts to the plaintiff to show the claim has not prescribed. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979). When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof (proffer) or permit the party to make a statement setting forth the nature of the evidence. La. C.C.P. art. 1636. The record does not reflect that counsel for McGowan attempted *790 to exercise either of these options or that the trial court refused to allow him to do so. Failure to exercise these options in this factual posture constitutes a waiver of the objection. Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329 (La.App. 1st Cir.1984); writ denied, 467 So.2d 531 (La.1985); Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978).
This assignment of error is without merit.
UNFAIR TRADE PRACTICES CAUSE OF ACTIONOBJECTION OF NO RIGHT OF ACTION BY RAMEY, BUDGET AND RAMBIN (Specification of Error 1)
McGowan contends the trial court committed error by sustaining the objection of no right of action on the unfair trade practices cause of action.
As previously indicated, although the trial court judge in oral reasons for judgment only sustained the objection of no cause of action as it pertained to the treble damages claim, the judgment signed also sustained the objection of no right of action. It is well settled that on appeal the judgment rendered is controlling, not the reasons for judgment. Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir. 1983); Myer v. Pagan, 439 So.2d 501 (La. App. 1st Cir.1983). The objection of no right of action asserted in a peremptory exception raises the question of whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit, that is, does the plaintiff belong to the particular class of persons to whom the law grants a remedy for the particular harm alleged. Fulford v. Green, 474 So.2d 972 (La.App. 1st Cir. 1985). The first sentence of La.R.S. 51:1409(A) provides, in pertinent part, that "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually ... to recover actual damage." (Emphasis added.) Thus, clearly McGowan has a right of action for unfair trade practices. Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La.App. 1st Cir. 1984); Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983).
This assignment of error has merit.
UNFAIR TRADE PRACTICES CAUSE OF ACTIONOBJECTION OF NO CAUSE OF ACTION BY RAMEY, BUDGET AND RAMBIN (Specification of Error 1)
McGowan contends the trial court committed error by sustaining the objection of no cause of action on the treble damage claim under the unfair trade practices cause of action.
The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition and all the allegations of the petition are accepted as true; an objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. Hubbs v. Canova, 427 So.2d 875 (La.App. 1st Cir.1982). If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980). The purpose of sustaining an objection of no cause of action is to dismiss the entire cause of action, not a part of it. Degel v. Deffes, 398 So.2d 1256 (La.App. 4th Cir. 1981). If a petition states two or more causes of action, an objection of no cause of action may be sustained as to one cause of action and overruled as to the other. Employers Mutual Liability Insurance Company of Wisconsin v. Red Simpson, Inc., 386 So.2d 961 (La.App. 3rd Cir.1980).
There is only one unfair trade practice cause of action pled in the petition. The claim for treble damages is an accessory claim for one of the several elements of relief sought. Dismissing the claim for treble damages does not dismiss the cause *791 of action. An objection of no cause of action is not the proper procedural vehicle to eliminate an isolated claim of relief from consideration by the court and/or the jury. Ezell v. Morrison, 380 So.2d 664 (La.App. 4th Cir.1980). If a court determines that a plaintiff is not entitled to certain relief, it can decline to give it. If a court determines that there is insufficient evidence to justify submitting the facts pertaining to an element of relief to a jury, it can decline to submit it. The objection of no cause of action should not have been used to eliminate the treble damage claim from consideration in this case.
This assignment of error has merit.

PENALTY FOR GROUNDLESS ACTION (Specification of Error 2)
McGowan contends the trial court committed error "in finding that the request for treble damages made by the appellant was groundless and amounted to harassment, thereby entitling the appellees to be entitled to attorney's fees in the amount of $250.00, plus all costs with legal interest thereon."
La.R.S. 51:1409(A) provides as follows:

Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.

[Emphasis added.]
Insofar as La.R.S. 51:1409(A) imposes a penalty on those who file groundless actions, it is a penal statute that must be strictly construed. Cf. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985). The penalty is authorized for groundless actions brought in bad faith or for purposes of harassment. The word action as used in this statute obviously refers to the suit or cause of action and does not refer to the accessory claim for relief of treble damages. Thus, the assessment of the penalty for reasserting the treble damage claim was improper.
This assignment of error has merit.

DECREE
For the foregoing reasons, (1) the appeal of the All American judgment is dismissed as abandoned, (2) the judgments sustaining the Ramey-Budget-Rambin peremptory exception pleading the objections of res judicata to the tort cause of action and prescription to the truth-in-lending cause of action are affirmed, (3) the judgments sustaining the Ramey-Budget-Rambin peremptory exception pleading the objections of no right of action and no cause of action to the unfair trade practices cause of action are reversed, and (4) the judgment assessing a penalty against McGowan, pursuant to La. R.S. 51:1409(A), for filing a groundless action for unfair trade practices is reversed. McGowan is cast for one-half of the cost of this appeal, La.C.C.P. art. 5188 and Smith v. AMF Tuboscope, Inc., 442 So.2d 679 (La.App. 1st Cir.1983); Ramey, Budget and Rambin are cast for one-half the cost of this appeal. Trial court costs shall be assessed in a final judgment on the merits therein.
AFFIRMED IN PART; REVERSED IN PART; DISMISSED IN PART.
NOTES
[1] American filed a peremptory exception pleading the objections of prescription and res judicata to the amended petition. American contended the judgments in its favor on the tort and coverage for unfair trade practices causes of action were res judicata and that the truth-in-lending cause of action was prescribed. A hearing was held on this exception on August 10, 1984. On August 24, 1984, the trial court sustained the peremptory exception and dismissed McGowan's suit against American with prejudice and at her cost. We note that the judgment sustains only the objection of res judicata which would be applicable only to the tort and unfair trade practices causes of action. Although the judgment does not mention the objection of prescription asserted against the truth-in-lending cause of action, it provides that "there be judgment rendered herein in favor of defendant... dismissing the suit of Willie Mae McGowan as against defendant, American Motorists Insurance Company, with prejudice, and at the costs of plaintiff." (Emphasis added.) The trial court signed the judgment on the Ramey-Budget-Rambin exception on the same day it signed the judgment on the American exception (August 24, 1984). The minutes for August 24, 1984, show that "[o]n motion of counsel for plaintiff, a devolutive appeal is entered herein from the judgment signed August 24, 1984". (Emphasis added.) The specifications of error asserted in this appeal only relate to the Ramey-Budget-Rambin judgment and do not mention the American judgment. Accordingly, we conclude the appeal taken on August 24, 1984, was from the Ramey-Budget-Rambin judgment and that the American judgment was not appealed and is now final.
[2] The record before us shows Stonewall has filed an answer to the amended petition. Apparently, Stonewall changed its name to Old Hickory Casualty Insurance Company (Old Hickory). Old Hickory filed a peremptory exception pleading the objections of no cause of action and prescription. Old Hickory contended McGowan's amended petition failed to state any cause of action against it upon which relief could be given. Old Hickory also asserted the federal and state statute causes of action against it were prescribed. On August 10, 1984, the trial court sustained the objection of no cause of action and granted McGowan 15 days to amend her pleadings. A ruling on the objection of prescription was pretermitted. A judgment to this effect was signed on November 19, 1984. On February 20, 1985, the trial court entered judgment dismissing McGowan's suit against Old Hickory with prejudice for failure to amend the amended petition to state a cause of action against Old Hickory.
[3] The record before us does not reflect an appearance by Southeastern.
[4] The substance of La.C.C. art. 2286 was transferred and redesignated as La.R.S. 13:4231 pursuant to Acts 1984, No. 331, § 7, effective January 1, 1985.