CARTER, Judge.
The issue in this appeal is whether the trial court erred in sustaining defendant’s peremptory exception raising the objection of no cause of action.
FACTS
Plaintiff, Frances Brumfield, filed suit individually and on behalf of her minor son, Michael Brumfield, for damages sustained when the child was a patient at Highland Park Hospital. Among the named defendants were Dr. Surendra K. Purohit. In the petition, plaintiff prayed for damages on behalf of the child for his mental anguish, physical pain and suffering, impairment of future earning capacity, and medical expenses incurred after the age of majority. Plaintiff also prayed for damages individually for her own mental anguish and for past and future medical expenses on behalf of her child.
Dr. Purohit filed a peremptory exception raising the objection of no cause of action, urging that the law does not provide a cause of action for recovery of damages for mental anguish due to the personal injury of a third person. The trial court rendered judgment, sustaining the exception filed by Dr. Purohit and dismissed plaintiff’s individual claim for damages for mental anguish. Plaintiff appealed.
While the appeal was pending, this court, in an unpublished opinion, decided this specific issue.[1] This court reversed the trial court judgments sustaining the objections of no cause of action, noting that plaintiff individually has one tort cause of action comprised of two claims for damages, one for mental anguish and one for medical expenses, and that the trial court judgment amounted to a sustaining of a “partial no cause of action,” which is not allowed under our jurisprudence.
Thereafter, the plaintiff and Dr. Purohit entered into a stipulation requesting that the trial court judgment be reversed and that the case be remanded based upon this court’s earlier ruling.
After carefully reviewing the record and considering the joint stipulation, we find that the trial court judgment amounted to the sustaining of a “partial no cause of action,” which is not allowed under our jurisprudence, and we remand this case to the trial court for further proceedings. See McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986). See also Rodriguez v. American Bankers Insurance Comp *831 ny of Florida, 386 So.2d 652 (La.1980); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Dr. Purohit is cast for all costs on appeal.
REVERSED AND REMANDED.

. See Frances Brumfield, et al v. Joanna Miller, M.D., et al c/w Frances Brumfield, et al v. Joanna Miller, M.D., et at, decided April 11, 1989, under docket no. 88 CA 0941 c/w 88 CA 1885, 542 So.2d 1177 (La.App. 1st Cir.1989).