655 So.2d 788 (1995)
Gwendolyn Thomas, Wife of/and Charles PORCHE
v.
CONTINENTAL INSURANCE COMPANY, Petron, Inc., and Samuel Becknel.
No. 95-C-0840.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
Joseph Guy Romano, Metairie, and Lee A. Archer, New Orleans, for relators.
George Henry Troxell, III, New Orleans, for respondents.
Before BYRNES, PLOTKIN and JONES, JJ.
*789 BYRNES, Judge.
The question in this case is whether as a matter of law partial summary judgment may be granted on the question of exemplary damages for injuries relating to hazardous or toxic substances pursuant to LSA-C.C. art. 2315.3. The answer is no.
Plaintiffs/respondents were injured when an 18-wheel gasoline tank truck owned by defendant Petron, Inc., driven by defendant Samuel Becknel, and insured by defendant, Continental Insurance Company, ran into the back of plaintiffs' van. In addition to compensatory damages, plaintiffs seek exemplary damages under La.C.C. art. 2315.3., for the use of hazardous substances in a wanton or reckless manner.
The defendants/relators aver that the plaintiffs' injuries were not caused by the hazardous materials in the defendant's tank truck. The defendant moved for partial summary judgment as to the amended claim for exemplary damages. Partial summary judgment was denied by the trial court and the defendants/relators here seek supervisory review of that ruling.
The judgment of the lower court was correct both because it was consistent with this Court's position on toxic torts as expressed in Tillman v. CSX Transportation Company, 617 So.2d 46 (La.App. 4 Cir.1993) and because it was an improper partial judgment.
As noted in Pape v. Odeco, Inc., 93-1005, p. 8 (La.App. 4 Cir. 9/21/94), 643 So.2d 229 at 233:
A summary judgment may be partial, but it must grant all or at least part of the relief prayed for. It may not be used merely to decide an issue. Verdun v. State through the Department of Health and Human Resources, 559 So.2d 877 (La.App. 4th Cir.1990). A partial summary judgment may not be utilized to dispose of theories of recovery. Succession of Crowe v. Henry, 602 So.2d 243 (La.App. 2d Cir. 1992). It is essential to a summary judgment's validity that at least some of the relief prayed for by one of the parties is granted. A summary judgment finding that a plaintiff is a seaman has been reversed. Landry v. John E. Graham & Sons, Inc., 533 So.2d 975 (La.App. 1st. Cir.1988) (on rehearing), writ denied, 534 So.2d 431 (La.1988), cert. denied, 490 U.S. 1022, 109 S.Ct. 1749, 104 L.Ed.2d 185 (1989).
Had the defendants motion for partial summary judgment been granted it would not result in a party being dismissed from the case. Nor would it grant defendants "all or part of the relief for which he has prayed" as that portion of LSA-C.C.P. art. 966A has been defined by cases such as Pape.
The exemplary damages provided by LSA-C.C. art. 2315.3 are "in addition to general and special damages", i.e., the exemplary damages arise out of the same "operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). There is only one cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant. Id.
The instant case is analogous to McGowan v. Ramey, 484 So.2d 785 (La.App. 1 Cir. 1986). McGowan involved an unfair trade practices claim under LSA-R.S. 51:1409A which allows a successful plaintiff to "recover actual damages." But the statute also provides treble damages in certain cases in a manner analogous to the exemplary damages provided by LSA-C.C. art. 2315.3. In McGowan the court reversed a judgment which granted a partial exception of no cause of action dismissing the treble damage claim. The McGowan court noted at 790:
"There is only one unfair trade practice cause of action pled in the petition. The claim for treble damages is an accessory claim for one of the several elements of relief sought."
The same reasoning applies to the case before this court.
This approach discourages piecemeal litigation and promotes judicial efficiency and economy. Moreover, relators will not be prejudiced. If a judgment is rendered against relator on the issue of 2315.3 exemplary *790 damages after a trial on the merits, relator may appeal. It is doubtful that the denial of relators' writ will alter much the choice of witnesses, testimony, and evidence the parties present at trial.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.