704 So.2d 272 (1997)
Keith S. MORGAN and Barbara B. Morgan
v.
The EARNEST CORPORATION and Beau Chene Homeowners Association, Inc.
Cecilia H. Best, Wife of/and James P. BEST
v.
BEAU CHENE HOMEOWNERS ASSOCIATION, INC., The Earnest Corporation, Morgan Earnest, Barry Ripple, Waldemar S. Nelson & Co., Inc., and the Louisiana Department of Transportation and Development.
No. 97 CW 0869.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
Writ Denied February 20, 1998.
*273 Theresa D. Bewig, Lacombe, and Edward J. Deano, Mandeville, for Plaintiffs-Respondents Cecilia H. Best and James P. Best.
John I. Hulse, IV and J. Ashley Inabnet, New Orleans, for Defendants-Relators Beau Chene Homeowners Association, Inc., The Earnest Corporation and Morgan G. Earnest, Individually.
Before LOTTINGER, C.J., SHORTESS, CARTER, LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS and KUHN, JJ., and TYSON[1] and CHIASSON[2], JJ. Pro Tem.
PER CURIAM.
WRIT DENIED WITH ORDER.
Relators, defendants Beau Chene Homeowners Association, Inc. (hereinafter called the "Association"), The Earnest Corporation (hereinafter called the "Corporation"), and Morgan G. Earnest (hereinafter called "Earnest"), seek writs from the trial court's March 21, 1997, denial of the motions for summary judgment filed by the Corporation and Association, and its dismissal without prejudice of Earnest, who had joined in one of the motions for summary judgment.
Plaintiffs Cecilia and James Best filed a petition for damages and injunctive relief against the Association, the Corporation, Earnest, and the Louisiana Department of Transportation and Development (hereinafter called "DOTD").[3] They alleged that the further development of their street by Earnest and/or the Corporation and the widening of Highway 22 by DOTD adversely affected drainage, thereby causing the flooding of their residence in the Beau Chene subdivision. They further alleged that the Association breached its contractual and fiduciary obligations to provide adequate drainage. Plaintiffs Keith and Barbara Morgan filed a separate suit naming the Association and the Corporation as defendants and alleged that the defendants' actions in connection with "constructing, maintaining and/or modifying the drainage control systems" caused or exacerbated flooding at their residence in the Beau Chene subdivision. They also alleged that the defendants breached their contractual and fiduciary obligations to them. These lawsuits were consolidated.
In the action involving the Best plaintiffs, the Association, the Corporation, and Earnest filed a motion for summary judgment. In the Morgans' suit, the Association and the Corporation filed a motion for summary judgment. The basis for the motions for summary judgment as to the Corporation and the Association was a provision in the "Act of Dedication of Servitudes, Privileges and Restrictions Made by Beau Chene, Inc." which encumbers BeauChene subdivision, including the plaintiffs' properties.[4] The provision is entitled "Limitation of Liability" and reads as follows:
Neither the Association nor the Developer [Beau Chene Incorporated, predecessor to the Corporation] shall be liable for any failure of any services to be obtained by the Association or paid for out of the common expense funds, or for injury or damage to person or property caused by the elements or resulting from water which may leak or flow from any portion of the common areas and community facilities or from any wire, pipe, drain, conduit or the like.

(Emphasis added.)
The basis for the motion for summary judgment as to Earnest was that he was not *274 personally liable for the obligations of the Corporation or the Association.
In response to the motion for summary judgment filed in their suit, the Morgan plaintiffs submitted their affidavit stating that their act of sale did not clearly express on its face the intent to release all liability due to flood or other waters and that there was no verbal or written communication to them by any party to this action or any other person disclosing that such a release was a condition of the sale. They also stated that it was never their intent to grant such a release from liability to the defendants and that they would not have purchased any home that had such a condition of sale.
The trial court granted the motion for summary judgment as to Earnest, dismissing the Bests' suit against him without prejudice, and denied the motions for summary judgment as to the Association and the Corporation. In reasons for judgment, the trial court stated that there was no proof in the record that Earnest acted in his individual capacity rather than in a representative capacity for the Corporation. As to the Association and the Corporation, the trial court stated that, while it recognized the provision at issue was in the restrictive covenants which were themselves enforceable, it had "serious doubts" as to whether a developer and a homeowners' association could limit their liability with a restrictive covenant. The court also noted that "[s]ince the suits are still in their infancy," it was unable to determine the cause of the damage or to determine whether the covenant, if valid, would apply. The court stated that the allegations of breach of contractual and fiduciary duties to provide adequate drainage, the allegations of strict liability and detrimental reliance, and the request for injunctive relief might not fall within the purview of the limitation of liability clause.
In the writ taken by Earnest as to the trial court's judgment of March 21, 1997, dismissing the Best plaintiffs' action against him without prejudice, Earnest contends that the court should have dismissed the action against him with prejudice. The rule prior to July 1, 1997, was that a judgment of involuntary dismissal without prejudice was appealable. People of Living God v. Chantilly Corp., 251 La. 943, 207 So.2d 752, 754-755 (1968).
However, pursuant to 1997 La. Acts No. 483, § 2, La.Code Civ. P. art.1915 was amended to provide, in pertinent part, that:
(B)(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added.)[5]
Because the judgment in this case was signed prior to the effective date of Act 483, *275 which was July 1, 1997, it is not specifically designated as a final judgment. The writ was also taken prior to the effective date of this Act. The general rule against retroactive application of legislative enactments and its exceptions are codified in La. Civ.Code art. 6. Keith v. U.S. Fidelity & Guaranty Company, 96-2075, p. 5 (La.5/9/97); 694 So.2d 180, 182. La. Civ.Code art. 6 provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." When the supreme court recently considered the retroactivity of an amendment to La. Civ.Code art. 2323, it stated:
Article 6 requires a two-fold inquiry. First, we must ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends unless the enactment impairs contractual obligations or vested rights. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. St. Paul Fire & Marine Ins. Co., 609 So.2d at 816; Cole, 599 So.2d at 1063.
Keith v. U.S. Fidelity & Guaranty Company, 96-2075 at p. 6; 694 So.2d at 183.
Examining the language of Act 483 as it pertains to La.Code Civ. P. art.1915, we find the legislature did not expressly provide that this part of the amendment should be retroactively applied to cases pending before the appellate courts. Following the amendment, in order to be a final judgment for purposes of immediate appeal, La.Code Civ. P. art. 1915(B)(1-2) requires that, in the absence of a specific agreement by the parties, a judgment that dismisses less than all of the parties must be designated a final judgment by the court after an express determination that there is no just reason for delay. Prior to the amendment, there were no requirements that the court perform affirmative acts in order that a partial final judgment be immediately appealable; a judgment dismissing less than all of the parties was final for purposes of immediate appeal as a matter of law. Therefore, the requirement that the court perform such affirmative acts indicates the legislature's intent that the amendment to La.Code Civ. P. art.1915 should be applied prospectively to initial rulings, either oral or written, issued on or after July 1, 1997, the effective date of the Act. Accordingly, 1997 La. Acts No. 483, § 2, is not applicable to the judgment rendered in this case on March 21, 1997. Earnest's motion and order seeking a return date for the writ application, filed April 8, 1997, will be remanded to the trial court for treatment as a motion and order for appeal. See In re Howard, 541 So.2d 195, 197 (La.1989).
Regarding the trial court's judgment denying the motion for summary judgment as to the Association and Corporation, we must consider Act 483's amendment to La.Code *276 Civ. P. art. 966. Article 966 was amended by 1997 La. Acts No. 483, § 1 and 3, resulting in the repeal of sections (F) and (G),[6] and the amendment of sections (C) and (E) to read as follows:
C.(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
* * * * * *
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
The legislative intent for retroactive application of this amendment to La.Code Civ. P. art. 966 is ascertained from Section 4, which states, "The purpose of Sections 1 and 3 of this Act is to clarify Acts 1996, No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691." 1997 La. Acts No. 483, § 4. The amendment to La.Code Civ. P. art. 966 seeks to rectify the misapplication of the article by various state courts by clarifying what the original amendment purported to enact. See Reichert v. State, Department of Transportation, 96-1419, 96-1460, p. 7 (La.5/20/97); 694 So.2d 193, 199. Interpretive laws merely establish the meaning the statute had from the time of its enactment, and, thus, are retroactive. See Keith v. U.S. Fidelity & Guaranty Company, 96-2075 at p. 6; 694 So.2d at 183. Furthermore, the retroactive application of 1997 La. Acts No. 483, § 1 and 3 does not impair contractual obligations or disturb vested rights. Therefore, in our determination of whether the trial court properly denied the motions for summary judgment, we will apply La.Code Civ. P. art. 966 as amended.
Under La.Code Civ. P. art. 966(C)(2), the Association and the Corporation will bear the burden of proof at trial regarding the validity and applicability of the limitation of liability. The Association and the Corporation contend that the limitation of liability is a valid building restriction binding on the plaintiffs as purchasers because the limitation was in the public records. We find no error in the trial court's denial of the motions for summary judgment based on its *277 doubts regarding the validity of the limitation of liability as a building restriction. When there is doubt as to the existence, validity, or extent of building restrictions, the matter should be resolved in favor of unrestricted use of the immovable. Blessey v. McHugh, 94-0555, p. 9 (La.App. 1st Cir. 7/27/95); 664 So.2d 115, 120. Because the Corporation and the Association did not meet their burden of proof, we find no error in the trial court's determination that the motions for summary judgment should not be granted.
For these reasons, the March 21, 1997 judgment dismissing the Bests' suit against Earnest without prejudice is an appealable judgment. Therefore, it is hereby ordered that Earnest's writ application is remanded to the trial court for treatment as a motion and order for appeal. See In re Howard, 541 So.2d at 197. Briefs are required in compliance with the Uniform Rules-Courts of Appeal. In all other respects, this writ is denied.
GONZALES, J., concurs and assigns reasons.
CARTER, J., concurs in the result only.
FITZSIMMONS, J., dissents and assigns reasons.
GONZALES, Judge, concurring.
Based on the requirement that the court perform "affirmative acts" which must be "agreed to by the parties or designated as a final judgment by the court," I agree that our non-retroactive interpretation applies only to that part of Act 483 which amends La.C.C.P. art. 1915. In all other respects, Act 483 is retroactive.
FITZSIMMONS, Judge, dissenting with reasons.
Generally, Act 483 is procedural in nature. It changes the method of judicial review; it does not eliminate judicial review or divest a party of a right to review. In the Matter of American Waste and Pollution Control Company, 597 So.2d 1125 (La.App. 1st Cir.), writs denied, 604 So.2d 1309, 1310 (La.1992). Procedural laws can be applied retroactively. A review of Act 483 reveals no express intent by the legislature to apply the changes prospectively only. Any pending appeals should be designated as writs and reviewed accordingly.
However, one section of Act 483 does divest certain parties of their constitutional right to a fair trial and final judgment. This divestment should be immediately redressed by the legislature.
Prior to the enactment of Act 483, a partial summary judgment dismissing a party could be relied on as a final judgment, unless the grant was appealed and overturned. If a claim was dismissed, it was subject to review, but it could not be brought back from the dead by subsequent action of the trial court. The change to Code of Civil Procedure article 1915(B)(2) not only creates a procedural nightmare, but also places a litigant granted a partial summary judgment in no man's land. That section now reads: "Any such order or decision issued [, partial judgment or partial summary judgment,] may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
That portion of the new partial judgment amendment comes at great cost constitutionally and financially. Following the enactment of 483, the dismissed "meritorious" party, or the party espousing a dismissed summary judgment issue, is rendered procedurally impotent as to any ability to participate or protect any rights in the ongoing proceedings. The summary judgment grantee, who may no longer be a party, must still keep close tabs on the litigation in fear the dormant issue will be resuscitated; or even worse, the grantee drafted back into the suit. The dismissed issue or claim cannot be challenged or asserted in the continuing trial court proceedings, even though it may be raised again at a latter date, but before final judgment. The dismissed party cannot assert or defend any rights while the facts of consequence to the dismissed party or claim are being presented. Nothing can effectively be done, until the judge decides to pull the party or claim back into the litigation. In my view, that will preclude the due process *278 requirements of adequate representation and the right to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965); La. Const. Art. 1 § 2. Once the party or claim is rejuvenated, all decisions and hearings having any real effect on the newly resurrected parties or claims would have to be repeated. This would be at a ridiculous cost (emotionally and financially) to all parties; it would render the judicial system systemically snail-like in resolving multi-party or complex litigation and putting disputes to rest.
NOTES
[1] Judge Ralph Tyson is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Judge Remy Chiasson is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] Also named as defendants by the Bests were Barry Ripple and Waldemar S. Nelson & Co., Inc., engineers who allegedly designed the subdivision and drainage, respectively.
[4] The defendants attached various affidavits and the acts of sale to the plaintiffs in support of their motions for summary judgment to establish that the property was subject to the "Act of Dedication of Servitudes, Privileges and Restrictions" created by Beau Chene, Inc., and recorded in the St. Tammany Parish conveyance records.
[5] The remainder of La.Code Civ. P. art.1915 reads as follows after its amendment by Act 483:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
* * * * * *
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
Prior to its amendment, La.Code Civ. P. art.1915 read:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
[6] Those provisions of La.Code Civ. P. art. 966 affected by the amendment read as follows, prior to the amendment:

C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
* * * * * *
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.