722 So.2d 82 (1998)
John A. CLARK, Claude Fowler, Sr., Susan M. Fowler and Ward Fowler.
v.
Frank FAVALORA d/b/a Four Wheeler Shop, et al.
No. 97 CA 2284.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*83 Keith L. Richardson, Baton Rouge, LA, for Plaintiffs/Appellants, Claude Fowler, Sr., Susan M. Fowler and Ward Fowler.
Alan H. Goodman, Glenn P. Orgeron, New Orleans, LA, for Defendant/Appellee, Rancho Industries.
Before SHORTESS, C.J., and CARTER and WHIPPLE, JJ.
CARTER, J.
This is an appeal from the trial court's grant of a motion for partial summary judgment, dismissing a claim for punitive damages in a tort action.

BACKGROUND
Appellee, Rancho Industries, a division of Monroe Auto Equipment Company (Rancho), allegedly manufactured "add-on" equipment for automobiles at its California manufacturing facility. John Clark (Clark), a Louisiana resident, allegedly purchased some of this equipment in Louisiana where the equipment was installed on Clark's pickup truck. This add-on equipment included shock absorbers, sway bars and a lift kit.

FACTUAL AND PROCEDURAL HISTORY
On March 25, 1990, Claude Fowler, Jr. was killed in a single-vehicle accident while riding as a guest passenger in Clark's pickup truck. The accident occurred in Livingston Parish. As a result of the accident, appellants, Claude Fowler, Sr., Susan M. Fowler and Ward Fowler, filed suit against Rancho and other defendants.[1] Appellants alleged that this add-on equipment manufactured by Rancho and purchased by Clark was dangerous and defective and that this equipment caused or contributed to the accident.
Subsequently, appellants filed a "Supplemental and Amended Petition" in which they asserted they were entitled to an award of punitive damages from Rancho under California law. Rancho responded to this supplemental and amending petition by filing a peremptory exception raising the objections of no cause and/or no right of action and alternatively, a motion for partial summary judgment. Rancho asserted that there was a conflict between Louisiana and California law regarding appellants' entitlement to punitive damages under the facts of the case. Rancho further asserted that Louisiana had the *84 most significant contacts and thus, the law of Louisiana should be applied to determine appellants' entitlement to punitive damages. Because it was undisputed that Louisiana law did not allow recovery of punitive damages under the facts of this case, Rancho sought a judgment dismissing appellants' claim for punitive damages based on California law. Appellants opposed the exception and motion arguing that it was improper to resolve the issue of entitlement to punitive damages by the peremptory exception raising the objections of no cause and/or no right of action or motion for partial summary judgment. Moreover, appellants asserted that California had the most significant contacts, warranting the application of California law to the facts of the case.
The trial court rendered a judgment granting Rancho's motion for partial summary judgment and dismissing appellants' claim for punitive damages under California law. Appellants have appealed from this judgment raising the following assignments of error:
It was procedurally improper to grant a partial summary judgment on the issue of punitive damages.
California law should be applied on the issue of punitive damages.

PROPRIETY OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Appellants contend it was procedurally improper to grant a motion for partial summary judgment on the issue of their entitlement to punitive damages. Appellants rely on Porche v. Continental Insurance Company, 95-0840 (La.App. 4th Cir.5/16/95); 655 So.2d 788, to support this contention. We disagree with appellants' contention and we do not find Porche persuasive to the resolution of this issue.
Subsequent to Porche, LSA-C.C.P. art. 966 was amended by 1997 La. Acts No. 483, to provide in part as follows:
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. (Emphasis added).
This amendment became effective on July 1, 1997, and is retroactive. See Morgan v. Earnest Corporation, 97-0869, p. 7 (La.App. 1st Cir.11/7/97); 704 So.2d 272, 276, writ denied, 97-3031 (La.2/20/98); 709 So.2d 775. Prior to this amendment, partial summary judgments were specifically authorized by LSA-C.C.P. art. 966 for only two purposes: 1) to determine liability alone although a genuine issue existed as to the amount of damages and 2) to determine the issue of insurance coverage alone, although there was a genuine issue as to liability or the amount of damages.
Moreover, LSA-C.C.P. art.1915 was also amended by 1997 La. Acts No. 483 to provide in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
* * * * * *
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties ... the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties ... shall not constitute a final judgment for the purpose of an immediate appeal.[2]
*85 Thus, it is clear that this amendment to Article 1915 contemplates the rendition of a motion for partial summary judgment as to one or more, but less than all of the claims, demands, issues and theories of recovery. Consequently, a summary judgment on the issue of whether a party is entitled to punitive damages under the laws of another state is procedurally authorized by these amendments to Articles 966 and 1915.
We also note that prior to these amendments, the Louisiana Supreme Court granted remedial writs to reverse lower court judgments which denied motions for partial summary judgment on the issue of entitlement to punitive damages and instead, rendered judgments granting such motions for partial summary judgment, dismissing claims for punitive damages. See Smith v. Arcadian Corporation, 96-0614 (La.5/3/96); 672 So.2d 698; Giordano v. Rheem Manufacturing Company, 96-0739, 96-0758 (La.4/8/96); 671 So.2d 324; Chustz v. J.B. Hunt Transport, Inc., 95-0356, p. 2 (La.11/6/95); 662 So.2d 450, 451.
Because we find that the issue of entitlement to punitive damages could be properly decided through a motion for partial summary judgment, we need not address whether the punitive damages issue could be decided through a peremptory exception raising the objections of no cause and/or no right of action. See Terrebonne Bank & Trust Company v. Lacombe, 464 So.2d 753, 758 (La. App. 1st Cir.1984).
CONFLICT BETWEEN LOUISIANA AND CALIFORNIA LAW ON ENTITLEMENT TO PUNITIVE DAMAGES
In their second assignment of error, appellants assert that the conflict between Louisiana and California law on the issue of entitlement to punitive damages should have been resolved in favor of the application of California law. We disagree.
Before the 1991 revision to the conflict of laws section of the Louisiana Civil Code, the choice of law rule applicable in tort in Louisiana was a form of "interest analysis" applying the "most significant relationship" approach of the Restatement (Second) of Conflicts of Laws (1969).[3]Pittman v. Kaiser Aluminum and Chemical Corporation, 559 So.2d 879, 883 (La.App. 4th Cir.), writ denied, 563 So.2d 885 (La.1990). Interest analysis is a two-step process. We must first determine whether a true or false conflict exists. If a false conflict exists, the law of the state that has the exclusive interest is applied and the second step is unnecessary. If a true conflict exists, the second step requires application of the law of the state with the most significant contacts. Pittman v. Kaiser Aluminum and Chemical Corporation, 559 So.2d at 883.
In this case, the parties do not dispute that there is a true conflict between California and Louisiana law on the issue of entitlement to punitive damages. Plaintiffs acknowledge that if Louisiana law is applied, they cannot recover punitive damages. Thus, we must determine which state has the most significant relationship to the issue.
Section 6 of the Restatement of Conflicts of Laws provides several factors to be considered where a state has no statutory directive on the choice of law. Those factors are: a) the needs of the interstate and international systems, b) the relevant policies of the forum, c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, d) the protection of justified exceptions, e) the basic policies underlying the particular field of law, f) certainty, predictability and uniformity of result, and g) ease in the determination and application of the law to be applied. Egan v. Kaiser Aluminum & Chemical Corporation, 94-1939, pp. 16-17 (La.App. 4th Cir.5/22/96); 677 *86 So.2d 1027, 1037, writ denied, 96-2401 (La.12/6/96); 684 So.2d 930.
Egan quotes section 145 of the Restatement, which specifically refers to tort issues, and provides in pertinent part:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in Section 6.
(2) Contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Egan v. Kaiser Aluminum & Chemical Corporation, 677 So.2d at 1037.
The relevant section 145 contacts, when applied to the facts of this case, demonstrate that Louisiana has the most significant interest in this case. The decedent, along with Clark and the appellants, are all residents of Louisiana, the accident and resulting damage occurred in Louisiana, and the add-on equipment was purchased and installed in Louisiana. The only contacts between California and this case are that Rancho is a California corporation and the allegedly defective add-on equipment was manufactured in California. We cannot find that these interests outweigh Louisiana's interest in the resolution of the punitive damages issue.

CONCLUSION
For these reasons, we affirm the judgment of the trial court granting Rancho's motion for partial summary judgment and dismissing appellants' claim for punitive damages. Costs of this appeal are assessed to appellants.
AFFIRMED.
NOTES
[1] The other defendants included Frank Favalora, d/b/a Four Wheeler Shop, State of Louisiana Department of Transportation and Development and B.F. Goodrich Tire and Rubber Company. This appeal does not involve appellants' claims against these other defendants.
[2] This amendment to Article 1915 applies prospectively only. See Morgan v. Earnest Corporation, 704 So.2d at 275. The amendment did not become effective until July 1, 1997. The judgment granting Rancho's motion for partial summary judgment and dismissing appellants' punitive damages claim was rendered on May 14, 1997. Therefore, the judgment did not need to be certified as a final partial judgment to be immediately appealable.
[3] Through 1991 La. Acts No. 923, the Louisiana legislature adopted a specific conflict of law rule in products liability cases. See LSA-C.C. art. 3545. However, pursuant to section 4 of Act 923, that article applies prospectively only and is therefore not applicable to the resolution of this case.